[No. 13357.   Department One.   May 20, 1916.]

S. KATO, *Respondent*, v. UNION OIL COMPANY, OF CALIFORNIA, *Appellant*, ROBERT T. HODGE, *Defendant*.[1]

APPEAL—PARTIES—BOND—SHERIFF.  A sheriff, holding possession of property in dispute by virtue of his office, having no interest in the controversy waged by the other parties to the suit, is not a necessary party who need join with either side or give any bond on appeal.

SAME—APPEAL—LOSS OF RIGHT—CESSATION OF CONTROVERSY—DELIVERY OF PROPERTY.  In a controversy for property in the possession of the sheriff, the fact that the sheriff surrendered possession does not work a cessation of the controversy, where the surrender was involuntary and by direction of the court in order to satisfy a prior judgment.

SAME—PARTIES—INTEREST—NOTICE OF APPEAL—CONSOLIDATED ACTION.  Failure to serve notice of appeal upon parties to another action consolidated with the present action does not work a dismissal of the appeal, where no notice of the consolidation was given such parties and they did not appear and their interests could not have been affected by the judgment.

Motion to dismiss an appeal from a judgment of the superior court for King county, Smith J., entered November 19, 1915, in an action to recover property held under a levy of execution.   Denied.

*S. G. Climenson*, for appellant.

*Robert D. Hamlin*, for respondent.

FULLERTON, J.—This is a motion by the respondent to dismiss the appeal, based upon the following grounds:

"(1)   The said Robert T. Hodge has failed, neglected and refused to make or file herein a bond for costs on appeal, as provided by law or at all, and has failed, neglected and refused to join in the appeal sought to be taken herein.

"(2)   The said Robert T. Hodge, as sheriff, has received into his custody the auto trucks involved in the litigation prior to the perfection of any appeal and acknowledged in

[1]Reported in 157 Pac. 688.

writing full compliance with the judgment sought to be appealed from.

"(3) The said appellant has failed, neglected and refused to serve any notice of appeal in this proceeding upon all of the parties thereto, in that no notice has ever been served or given to S. Masui, plaintiff and Panama Auto Transfer Inc., a corporation, defendant, in cause number 108,034 consolidated with cause number 109,139, or the attorneys of record for said parties.

"(4) The judgment and order of the superior court has been performed by the return of the auto trucks in controversy to the defendant, Robert T. Hodge, as sheriff of King county, and such performance of the said judgment acknowledged in writing."

It is our opinion that the motion is not well taken. The defendant, Hodge, holds the property in dispute by virtue of his office as sheriff of King county, and has no interest in the controversy waged between the other parties. He is thus not required to join with either of them, either on prosecuting or resisting the appeal, and the fact that he has failed to give a bond for costs on the appeal can in no way affect the appellant's rights. Nor does the fact, if it be the fact that the property was returned to him by the appellant after the judgment of the court, have that effect. The judgment so directed in order that it might be sold to satisfy another judgment, the priority of which was one of the questions in controversy in the present action. It was not a voluntary satisfaction of the judgment, but a step which the appellant was coerced to take in aid of an execution on the judgment, since it neither desired to stay the execution nor give a supersedeas bond on the appeal therefrom.

The objection that service of the notice of the appeal was not made on either of the parties to the action consolidated with the present action is of more moment, yet we cannot think the omission fatal to the appeal. No notice of the consolidation was given the parties, nor did they subsequently appear. Seemingly their interests could not be affected,

either by the order of consolidation or by the judgment subsequently entered in the consolidated action. This being so, they are not such parties as the appellant must serve with notice in order to review the judgment in so far as it affects his own rights.

The motion is denied.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.