[No. 16049.  Department One.  January 25, 1921.]

C. V. LOCHRIDGE *et al., Respondents,* v. M. NATSUHARA *et al., Appellants.*[1]

LANDLORD AND TENANT (146)—UNLAWFUL DETAINER—DAMAGES AND AMOUNT OF RECOVERY. In an action for unlawful detainer, it is error to include in the judgment for damages, rent for a period of two months during which the defendants were rightfully in possession and for which they had paid the rent.

SAME (146). In an action for unlawful detainer, it is error to include damages for withholding the premises after the trial of the case until entry of judgment, where there was nothing to show that possession was withheld after the trial.

APPEAL AND ERROR (93)—RIGHT TO APPEAL—COMPLIANCE WITH JUDGMENT. Plaintiffs in an action of unlawful detainer are not entitled to dismiss defendants' appeal from the judgment on the ground that possession had been since surrendered and the controversy ended, where plaintiffs' right to possession and the amount of the damages are involved.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 24, 1920, upon findings in favor of plaintiffs, in an action for unlawful detainer, tried to the court.  Modified.

*Walter A. Keene,* for appellants.

*Jay C. Allen,* for respondents.

BRIDGES, J.—The plaintiffs brought suit under the unlawful detainer statute for the possession of a certain small tract of land in King county.  In their com-

[1]Reported in 194 Pac. 974.

plaint they alleged they were the owners of the land, and that in July, 1914, they had made a five-year written lease of the premises to the defendants, which was to expire on the 31st day of August, 1919; that, a short period before the time for the expiration of the lease, they gave an oral extension, at the request of the defendants, for the period of sixty days, which extension would expire on the 1st day of November, 1919; and that the defendants had refused to deliver possession at that time.

The suit was commenced on November 3, 1919, being three or four days after the expiration of the oral extension of the lease. Plaintiffs gave bond for the immediate possession of the property, and the defendants gave a redelivery bond and remained in possession. The case was tried to the court without a jury, and judgment was entered in favor of the plaintiffs against the defendants for possession of the property and for nine hundred dollars damages. From this judgment, the defendants have appealed.

The chief contention between the parties is as to the time for which the extension of the written lease was made. The respondents contend that it was for but sixty days after September 1, 1919, whereas the appellants contend that the respondents gave them an extension of one year, and that such extension agreement had been drawn up and signed by the appellants, but that the respondents had refused to carry out their oral agreement, and had refused to sign the written extension of the lease. They further contend that, relying upon respondents' agreement to extend for the period of one year, they had made extensive improvements on the land, and had gone to considerable expense in making preparations for the continued use of the land, and that because thereof the respondents

should be estopped to deny that they had given the extension for one year.

It would not serve any useful purpose for us to follow the testimony in detail. There is a very sharp and decided conflict. The trial court, who had the witnesses before it, found for the respondents upon the facts. A reading of the record fails to convince us that such findings are against the weight of the evidence. We are, therefore, content with the findings made by the court on the questions of fact.

Appellants contend that the judgment for nine hundred dollars damages is excessive, and with this contention we agree. While the respondents introduced considerable testimony concerning the amount of their damages, the trial court apparently adopted the monthly rental value of the property as the measure of respondents' damage. It appears from the court's findings that the agreed rental for the two months' extension was sixty dollars a month. The fourth finding of the court is as follows:

"That the rental from said property was $60 per month, and the court finds that the plaintiffs have been damaged by being kept out of possession thereof in the sum of $60 per month for each and every month commencing September 1, 1919."

From these findings, the court concluded:

"That the plaintiffs have been damaged in the sum of $60 per month from the first day of September, 1919, or seven and one-half months, at the rate of $60 per month, amounting to $450, which said damage will increase monthly at the rate of $60 per month and they are now entitled to judgment against the defendants in the sum of double the amount of said damages, to wit, $900, together with the costs and disbursements of this action."

The amount of damages awarded by the judgment was based on these findings and conclusions. It will

thus be seen that the trial court fixed the damage at the rate of sixty dollars per month from the termination of the old lease, to wit, September 1, 1919, to the date of the judgment. The plaintiffs, however, plead and the court found that there had been an extension of the lease for the period of two months, or until November 1, 1919, consequently the appellants were rightfully in possession during the months of September and October. The testimony also shows that respondents paid their rental for those two months. It was, therefore, error for the court to include in his judgment any sum for those two months. Its judgment, however, did fix the damage for those two months at one hundred and twenty dollars, which, doubled under the statute, would make two hundred and forty dollars, which amount formed a part of the judgment. This was erroneous.

Appellants further contend that the court erroneously gave judgment for damages from the time of the trial of the case to the time of the entry of the judgment. It appears that this case was tried on the 22d and 28th days of January, 1920, and the judgment was made on the 24th day of April, 1920. There is nothing in the record to show to the court that the appellants retained possession of the property after the trial. There was no supplemental complaint nor was there any supplemental testimony taken before the entry of the judgment or at all after the trial. For all the court may have known, the appellants may have surrendered possession of the property to the respondents immediately after the trial of the case. It was, therefore, error to include in the judgment any damages subsequent to the trial of the case. The only damages shown by the record to which the respondents are entitled would be the sum of sixty dollars per month from the 31st day of October, 1919, to the time of the

trial, which would be three months, or one hundred and eighty dollars, which amount doubled as provided by the statute, would be three hundred and sixty dollars. If the respondents are entitled to any damages subsequent to the time of the trial, they must be recovered in some other action, since there was no effort to recover them in this.

The respondents cite authorities to the effect that the damages will not be doubled, as provided by the statute, unless claim therefor is made in the pleadings. These authorities are not in point here for the reason that the prayer of the complaint expressly asked for double damages.

The respondents have moved to dismiss the appeal on the ground that the question as to the right to possession is at this time a moot one. The respondents in their brief contend that the appellants surrendered possession after the expiration of their supposed one year's extension, to wit, October 31, 1920. It may be true that, at the time of the hearing here, the appellants had surrendered possession of the premises and that the question of restitution at this time is not involved, but the appellants' right to possession is involved, as is also the question of damage which they must pay for any wrongful possession. There is no merit in the motion to dismiss.

The judgment is modified so that respondent will recover the sum of three hundred and sixty dollars. Appellants will recover the costs of the appeal.

Parker, C. J., Mackintosh, Fullerton, and Holcomb, JJ., concur.