[No. 22687-5-III.   Division Three.   March 15, 2005.]

HOUSING AUTHORITY OF THE CITY OF PASCO AND FRANKLIN COUNTY, *Respondent*, v. IANTHIA PLEASANT, *Appellant*.

---

[4] 49 Wn. App. 375, 394, 743 P.2d 832 (1987).

384

*George Fearing*, for appellant.

*Kenneth J. Diamond* and *Lisa Marie Vanderford-Anderson* (of *Winterbauer & Diamond, P.L.L.C.*), for respondent.

¶1 SCHULTHEIS, J. — Ianthia Pleasant was evicted from public housing administered by the Housing Authority of the City of Pasco and Franklin County (Housing Authority) for lease violations. In the Housing Authority's ensuing unlawful detainer action, the trial court issued a writ of restitution of premises at a show cause hearing. Ms. Pleasant vacated the premises and appealed. She contends the writ issued on insufficient and incompetent evidence and she was entitled to a trial. We agree, reverse, and remand for trial.

## FACTS

¶2 On July 18, 2003, the Housing Authority filed an eviction summons and complaint for unlawful detainer against Ms. Pleasant. The complaint alleged two bases for eviction involving lease violations. The first charged a variety of lease violations over the preceding year, including the most recent failure of a semiannual inspection of the premises. The Housing Authority served a 30-day notice terminating tenancy on March 27. An informal hearing through the agency was decided against her. Her request for a formal hearing was denied as untimely. The second basis for eviction alleged a lease violation for criminal activity for which Ms. Pleasant was served a three-day notice to terminate. The Housing Authority contended that Ms. Pleasant engaged in prohibited criminal activity, as evidenced by her arrest on May 21, 2003. She was charged with third degree assault of a child when she struck her 13-year-old son several times with a plastic clothes hanger because he failed to obey her. The charge was reduced to fourth degree assault, a misdemeanor, on May 27.

¶3 Ms. Pleasant filed a written answer to the complaint and a counterclaim. She denied the contentions and alleged harassment and/or discrimination on the basis of disability and race.

¶4 On December 5, 2003, the Housing Authority filed a motion for an order to show cause why a writ of restitution should not issue. The court entered an order to show cause on December 8. A show cause hearing was scheduled for December 22. Ms. Pleasant opposed the issuance of the writ by filing an affidavit in which she challenged the facts for the Housing Authority's first basis for eviction (the multiple violations). A friend of Ms. Pleasant's also filed an affidavit that contradicted these facts. On the second basis for eviction (the assault arrest) she countered that the misdemeanor to which she pleaded guilty while acting pro se was not a crime for which eviction was appropriate as it did not endanger other tenants. She also pointed out she had never had her children taken away because of abuse.

¶5 On December 22, 2003, the trial court issued a writ of restitution. The judge took no testimony. On December 23, the sheriff served a notice to terminate by December 31 or face forceful eviction. Ms. Pleasant vacated and filed this appeal. She seeks to regain housing through the Housing Authority's facilities.

## DISCUSSION

STANDARD OF REVIEW

■ ■ ¶6 When the record consists entirely of written material, an appellate court stands in the same position as the trial court and reviews the record de novo. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994); *Amren v. City of Kalama*, 131 Wn.2d 25, 32, 929 P.2d 389 (1997). Additionally, the dispositive issue in this case is the procedural requirements under the unlawful detainer statutes. Issues of statutory interpretation are reviewed de novo. *Hartson P'ship v. Goodwin*, 99 Wn. App. 227, 231, 991 P.2d 1211 (2000).

MOOTNESS

■ ¶7 " 'A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief.' " *Josephinium Assocs. v. Kahli*, 111 Wn. App. 617, 622, 45 P.3d 627 (2002) (quoting *Snohomish County v. State*, 69 Wn. App. 655, 660, 850 P.2d 546 (1993)). The Housing Authority argues that since Ms. Pleasant does not have possession of the premises, the appeal is moot. However, the law draws a distinction between possession and the right of possession. *Kessler v. Nielsen*, 3 Wn. App. 120, 126, 472 P.2d 616 (1970).

¶8 " '[O]ne may have a right to the possession as against another who has the possession, as in the simple case of one who has been ousted from the land by another.' " *Id.* (quoting 1 HERBERT THORNDIKE TIFFANY, THE LAW OF REAL PROPERTY § 20, at 28 (Basil Jones ed., 3d ed. 1939)). In an unlawful detainer context, it is the right to possession that is pivotal, not mere present possession.

*Little v. Catania*, 48 Wn.2d 890, 893, 297 P.2d 255 (1956); *First Union Mgmt., Inc. v. Slack*, 36 Wn. App. 849, 853-54, 679 P.2d 936 (1984); *Motoda v. Donohoe*, 1 Wn. App. 174, 175, 459 P.2d 654 (1969). When the right to possession is at issue, the issue is not moot. *Lochridge v. Natsuhara*, 114 Wash. 326, 330, 194 P. 974 (1921). The Washington Supreme Court has specifically held that an unlawful detainer case is not moot simply because the tenant does not have possession of the premises at the time of appeal. *Id.* "[E]ven though the [landlords] were in possession at the time of the appeal, the [tenants] who were still asserting their possessory right had to be precluded as to this right. The action was not moot until this issue had been determined vis-à-vis the parties." *Kessler*, 3 Wn. App. at 126. Here, Ms. Pleasant continues to assert a right to possession. The issue is therefore not moot.

¶9 The Housing Authority relies on *Josephinium*, 111 Wn. App. 617. In that case, Division One of this court, without discussion or citation to authority, held that the tenant's evacuation during the pendency of the action mooted the issue. *Id.* at 622. Neither the legal nor the factual basis upon which Division One determined the issue to be moot is clear. The court did not consider the tenant's right to possession when addressing mootness.[1] Nonetheless, *Josephinium* is distinguishable on its facts. The unlawful detainer in *Josephinium* was based upon the landlord's refusal of the tenant's tender of a reduced rent payment. The case before us does not deal with failure to pay rent. Additionally, the court in *Josephinium* appears to have decided the issue was moot because the tenant vacated voluntarily, i.e., without compulsion of a writ. *See Kato v. Union Oil Co.*, 91 Wash. 302, 157 P. 688 (1916) (holding that return of property was not a voluntary satis-

---

[1] Although moot, Division One reached the merits on an exception to mootness: the issue of whether the tenant's asserted defense of disability discrimination was a cognizable defense was a matter of "continuing and substantial public interest." *Josephinium*, 111 Wn. App. at 622. The court addressed the right to possession in the context of the tenant's disability discrimination defense. *Id.* at 624-26. It held that under the facts of the case, the defense bore upon the tenant's right to possession.

faction of the judgment even where appellant neither sought stay of execution nor gave supersedeas bond); *Proctor v. Appleby*, 110 Wash. 403, 411-12, 188 P. 481 (1920) (holding that surrender of stock in compliance with judgment before appeal perfected did not amount to a cessation of the controversy thereby barring appeal); *Josevig-Kennecott Copper Co. v. James F. Howarth Co.*, 261 F. 567, 568 (9th Cir. 1919) (applying Washington law and determining that where stock was transferred to the plaintiff after time that supersedeas bond could be had, and transfer was made under threat of contempt, transfer did not affect right to appeal). That is also not the case here.

¶10   Once an unlawful detainer action is commenced and the defendant does not concede the right to possession, the defendant has the right to have the issue determined. *Kessler*, 3 Wn. App. at 126-27. A tenant's relinquishment of the property does not necessarily mean the right to possession is undisputed. *Sullivan v. Purvis*, 90 Wn. App. 456, 459, 966 P.2d 912 (1998). An issue is not moot if a court can still provide effective relief. *State v. Turner*, 98 Wn.2d 731, 733, 658 P.2d 658 (1983). Here, the right to possession is disputed. We can determine whether Ms. Pleasant's right to possession was wrongfully terminated by the improper issuance of a writ and provide relief by restoring her possession.

BOND REQUIREMENT

¶11   The Housing Authority argues that since Ms. Pleasant did not seek to retain possession of the premises and post a bond pending appeal, she has no right to appeal. RCW 59.18.390(1) provides that within three days of the service of the writ of restitution, the tenant

> *may* execute to the plaintiff a bond to be filed with and approved by the clerk of the court in such sum as may be fixed by the judge, with sufficient surety to be approved by the clerk of the court, conditioned that they will pay to the plaintiff such sum as the plaintiff may recover for the use and occupation of the premises, or any rent found due, together with all damages

the plaintiff may sustain by reason of the defendant occupying or keeping possession of the premises.

(Emphasis added.) The legislature's use of "may" instead of "must" makes it permissive. *Canyon Lumber Co. v. Sexton*, 93 Wash. 620, 626, 161 P. 841 (1916).

¶12 RCW 59.12.200 provides that *"if* the [tenant] appealing desires a stay of proceedings pending review, the [tenant] *shall* execute and file a bond." (Emphasis added.) RCW 59.12.220 provides that if a writ of restitution has been issued and executed, then the posting of the bond entitles the tenant to be restored to possession of the premises, where the tenant is entitled to remain until the appeal is determined. A bond is required only if the tenant wishes to continue to occupy the premises pending trial. It is to secure the landlord against losses during the pendency of the proceedings when the tenant continues to occupy the premises. RCW 59.18.390.

¶13 The bond need be filed only if the tenant seeks a stay pending review. A bond is not a jurisdictional condition precedent to the maintenance of an appeal under the unlawful detainer statutory scheme.

SUMMARY PROCEEDINGS FOR PENDENTE LITE WRIT

■ ¶14 Since the dispute involves a residential lease we apply the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW, to this case. However, the procedures found in the unlawful detainer statutes, chapter 59.12 RCW, apply to the extent they are not supplanted by those found in the Residential Landlord-Tenant Act.

■ ¶15 As a general rule, forfeiture or termination of leases is " 'not favored and never enforced in equity unless the right thereto is so clear as to permit no denial.' " *Shoemaker v. Shaug*, 5 Wn. App. 700, 704, 490 P.2d 439 (1971) (quoting *John R. Hansen, Inc. v. Pac. Int'l Corp.*, 76 Wn.2d 220, 228, 455 P.2d 946 (1969)). At any time during an unlawful detainer proceeding, the landlord may apply to the court for a pendente lite writ of restitution. RCW

59.18.370. In order to obtain such a writ of restitution the landlord must apply to the court for an order directing the tenant to appear and show cause why a writ should not issue restoring the landlord to possession of the property. *Id*. At the time of the show cause hearing "[t]he court *shall examine the parties and witnesses orally* to ascertain the merits of the complaint and answer." RCW 59.18.380 (emphasis added). "[I]f it shall appear that the [landlord] has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution." *Id*. "The court *shall also enter an order directing the parties to proceed to trial* on the complaint and answer in the usual manner." *Id*. (emphasis added). The court may also at that time address other relief requested by the landlord together with the tenant's defenses and set-off claims as relates to that relief. *Id*.

¶16 Here, neither party provided the transcript from the show cause hearing at which the writ of restitution issued. Ms. Pleasant contends that the judge did not conduct an evidentiary hearing as contemplated by the statute. The Housing Authority claims that the documentary evidence provided by Ms. Pleasant was a sufficient basis for the issuance of the writ of restitution. Nonetheless, the Housing Authority concedes that the judge did not hear testimony or examine the parties or witnesses; rather, it based the issuance of the writ on argument.

¶17 The statute uses the mandatory term "shall," which requires that the parties and any witnesses be examined. RCW 59.18.380. Its use of the word "shall" is presumptively imperative and operates to create a mandatory duty. *See State v. Marking*, 100 Wn. App. 506, 510, 997 P.2d 461 (2000). The examination of parties and witnesses is not a formality as the Housing Authority asserts. It is the basis for the issuance of the writ pendente lite. Further, the statute uses the term "shall" in directing that the matter be set for trial. RCW 59.18.380.

¶18 The Housing Authority asserts[2] that since there is no report of proceedings, we must assume the evidence sustained the court's findings. That rule limits review to a determination of whether the findings support the judgment. *Chace v. Kelsall*, 72 Wn.2d 984, 987, 435 P.2d 643 (1967). Because the court made no findings, the rule does not apply.

ISSUANCE OF WRIT

¶19 The burden is upon the plaintiff in an unlawful detainer action to prove, by a preponderance of the evidence, the right to possession. *Duprey v. Donahoe*, 52 Wn.2d 129, 135, 323 P.2d 903 (1958). A show cause hearing in an unlawful detainer action is a summary proceeding. *Carlstrom v. Hanline*, 98 Wn. App. 780, 788, 990 P.2d 986 (2000). In summary proceedings, the rules of evidence still apply; inadmissible evidence may not be considered. *Unger v. Cauchon*, 118 Wn. App. 165, 177 n.34, 73 P.3d 1005 (2003) (citing *Dunlap v. Wayne*, 105 Wn.2d 529, 535, 716 P.2d 842 (1986)). At oral argument, the Housing Authority argued that because Ms. Pleasant admitted to criminal conduct in her affidavit, it needed no more proof. However, because there is no competent evidence regarding a lease at all, the Housing Authority cannot prove a violation under one. Further, a writ of restitution cannot issue without competent evidence to prove substantial compliance with the statutory notice requirements. *Marsh-McLennan Bldg., Inc. v. Clapp*, 96 Wn. App. 636, 641-42, 980 P.2d 311 (1999). For instance, proof of service of the notice under the unlawful detainer statutes requires an affidavit. *Id.* at 640-41 (citing RCW 59.12.040 and CR 4(g)). There is no affidavit here.

¶20 Moreover, if the pleadings in an unlawful detainer action disclose a material issue of fact, the issue must be resolved at trial. RCW 59.12.130; *Meadow Park*

---

[2] The Housing Authority included an unpublished case to support this proposition. It need not, and will not, be considered. RAP 10.4(h); *Sundquist Homes, Inc. v. Snohomish County Pub. Util. Dist. No. 1*, 140 Wn.2d 403, 409 n.3, 997 P.2d 915 (2000).

*Garden Assocs. v. Canley*, 54 Wn. App. 371, 372, 773 P.2d 875 (1989). Specifically, when a tenant challenges her landlord's allegations that she was in material noncompliance with her lease terms, she is entitled to a trial. *Meadow Park*, 54 Wn. App. at 372. That is precisely the contention made by Ms. Pleasant.

¶21 Ms. Pleasant contends the lease and its termination are subject to the United States Housing Act, 42 U.S.C. §§ 1437-1437z-7. The Housing Authority's own materials cite to the United States Housing Act and point out that Ms. Pleasant is subject to its provisions. The United States Housing Act requires that the tenancies be terminated only for "serious or repeated violation of the terms or conditions of the lease or for other good cause" and that termination for "criminal activity" threaten the "health, safety, or right to peaceful enjoyment of the premises by other tenants." 42 U.S.C. § 1437d(*l*)(5), (6) (2000). The issue of whether these requirements are met under the statute was an inappropriate issue to summarily resolve. *See Hartson P'ship v. Goodwin*, 99 Wn. App. 227, 237, 991 P.2d 1211 (2000). Ms. Pleasant was entitled to a trial on this issue.

¶22 The writ was premature. We need not address the merits of the forfeiture or the defenses that should be addressed at trial on remand. *See id.*

TRIAL REQUIRED

¶23 Whether or not the court issues a pendente lite writ at the show cause hearing, the court is required to enter an order directing the matter to proceed to trial. RCW 59.18.380. *See also* RCW 59.12.130 (providing that all factual issues in unlawful detainer actions must be determined by a jury unless one is waived). RCW 59.18.410 also requires the entry of a final judgment following trial. The court did not set a trial in this case, nor was a final judgment entered.

¶24 The Housing Authority asserts that no trial was required because the show cause hearing is the only summary proceeding required under the statute. It relies

on *Carlstrom*, 98 Wn. App. 780. In *Carlstrom*, Division One of this court observed, "Show cause hearings are summary proceedings to determine the issue of possession *pending* a lawsuit." *Id.* at 788 (emphasis added) (citing *Meadow Park*, 54 Wn. App. at 375). The statute allows a landlord to apply for a writ to expeditiously determine who should possess the property while an unlawful detainer action is pending. *Meadow Park*, 54 Wn. App. at 376. In fact, since a pendente lite writ issues on summary proceedings, the landlord is typically required to post a bond[3] to take possession. RCW 59.18.380. That is because "[a] show cause hearing is not the final determination of the rights of the parties in an unlawful detainer action." *Carlstrom*, 98 Wn. App. at 788. *Carlstrom* does not support the Housing Authority's argument.

ATTORNEY FEES

¶25 Under RAP 18.1, a party may recover reasonable attorney fees and expenses on appeal if applicable law grants the party such right. Ms. Pleasant requested attorney fees under RCW 59.18.410. That statute, however, applies only to fees and costs to a landlord on final judgment. RCW 59.18.290(1)[4] provides for attorney fees when the landlord removes or excludes a tenant without a court order. *Gray v. Pierce County Hous. Auth.*, 123 Wn. App. 744, 759-60, 97 P.3d 26 (2004). Here, a writ was issued. The statute does not provide for attorney fees for a wrongfully

---

[3] Under these facts, the Housing Authority, as a quasi-municipal corporation, would probably be exempt from having to file a bond. RCW 4.96.050. *See* RCW 4.96.010(2) (providing that RCW 4.96.050 applies to municipal and quasi-municipal corporations); RCW 35.82.030 (authorizing creation of housing authorities); *Hous. Auth. of City of Seattle v. City of Seattle*, 56 Wn.2d 10, 13, 351 P.2d 117 (1960) (observing that housing authorities were created as municipal corporations).

[4] RCW 59.18.290(1) provides: "It shall be unlawful for the landlord to remove or exclude from the premises the tenant thereof except under a court order so authorizing. Any tenant so removed or excluded in violation of this section may recover possession of the property or terminate the rental agreement and, in either case, may recover the actual damages sustained. The prevailing party may recover the costs of suit or arbitration and reasonable attorney's fees."

issued writ. She has provided no clear authority for attorney fees.

## CONCLUSION

¶26 The pendente lite writ of restitution was issued on incompetent evidence and without examination of the parties and witnesses as required by statute. Ms. Pleasant was wrongfully denied a trial. We therefore reverse and remand for trial. Ms. Pleasant's request for fees is denied.

KATO, C.J., and KURTZ, J., concur.