# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| CHRISTOPHER HONSE and SALLY HONSE, | No.  45616-8-II |
| Respondents, | Consolidated with No. 46336-9-II |
| v. | |
| PATRICE CLINTON, RICHARD SORRELS, | |
| Appellants, | |
| CHRISTOPER SORRELS, as Trustee to RAVENSCREST TRUST and KEY CENTER ENTERPRISES, LLC, | UNPUBLISHED OPINION |
| Defendants. | |
| CHRISTOPHER HONSE and SALLY HONSE, | No.  46336-9-II |
| Respondents, | |
| v. | |
| PATRICE CLINTON, RICHARD SORRELS, | |
| Appellants, | |
| CHRISTOPER SORRELS, as Trustee to RAVENSCREST TRUST and KEY CENTER ENTERPRISES, LLC, | |
| Defendants. | |

WORSWICK, J. — Patrice Clinton and Richard Sorrels, self-represented litigants, appeal a writ of restitution and subsequent orders in an unlawful detainer action commenced as a result of a trustee's sale.  Clinton and Sorrels failed to make payments to Christopher and Sally Honse

after they entered into an owner-financed sale for the purchase of the Honses' real property. The Honses obtained a writ of restitution and subsequent clarifying orders, giving them possession of the real property and allowing them to dispose of Clinton's and Sorrels's personal property. Clinton and Sorrels argue that the superior court erred in issuing the writ and the clarifying orders by (1) ruling that the Honses gave Clinton and Sorrels sufficient notice under RCW 59.12.032 and RCW 61.24.040, (2) extending the writ of restitution, (3) refusing to grant Clinton and Sorrels a continuance on a partial motion for summary judgment, (4) setting an appeal bond in an unreasonable amount, and (5) not ordering the Honses to store Clinton's and Sorrels's property under RCW 59.18.312. We affirm the writ and the clarifying orders.

FACTS

The procedural facts in this case are convoluted. This case is, in essence, an unlawful detainer action. However, matters became complicated through a series of filings in the superior court.

Christopher and Sally Honse owned approximately six acres of real property in Lakebay, Washington. In 2006, the Honses sold the property to Patrice Clinton through a seller-financed transaction for which the Honses accepted a promissory note from Clinton secured by a deed of trust against the property. Clinton's significant other, Richard Sorrels, lived with Clinton on the property and ran an unauthorized business selling old vehicles.

By 2008, Clinton had defaulted on the promissory note. Since that time, the property has been the subject of protracted litigation. The Honses attempted to regain the property over a period of four years through two foreclosure actions. Clinton and Sorrels (or entities they controlled) delayed the foreclosure process through the filing of four bankruptcy proceedings.

2

The bankruptcy court found that these filings were an "effort to somehow forestall foreclosure." Clerk's Papers (CP) at 21. The bankruptcy court also found that Clinton and Sorrels were engaged in "a scheme to delay and hinder the Honses with respect to their lien against the Lakebay property." CP at 23.

In 2013, the Honses successfully foreclosed through a trustee's sale and regained title to the property. At the time of the trustee's sale, Clinton owed more than $410,000 to the Honses. Law firm Davies Pearson, PC was appointed as successor trustee. There are two discrepancies in the documents supporting the sale. First, on the amended notice of trustee's sale, James Tomlinson signed the document "[f]or" Brian King, but the notary attestation states that Brian King appeared and signed. CP at 125. Second, the amended notice of trustee's sale and the notice of foreclosure contained two different amounts for the principal balance owed.[1] Neither Clinton nor Sorrels initiated any action to enjoin or restrain the trustee's sale.

After the foreclosure, both Clinton and Sorrels remained on the property. The Honses then commenced an unlawful detainer action, and the superior court set a show cause hearing for October 17, 2013.

At the show cause hearing, Clinton and Sorrels argued that the trustee's sale was defective. After hearing testimony and considering the evidence, a superior court commissioner entered findings of fact and conclusions of law. As part of the findings of fact, the commissioner

---

[1] The notice of foreclosure stated the principal amount due as $263,901.64. The amended notice of trustee's sale stated the amount due as $175,053.40.

found: "Prior to conducting the Trustee's Sale, the Trustee provided notice in compliance with RCW 61.24.040 and .060." CP at 135.

Accordingly, the commissioner's conclusions of law included a determination that Clinton and Sorrels should be adjudged guilty of unlawful detainer, that their occupancy at the Lakebay property should be terminated, and that they should be evicted under a writ of restitution. The commissioner also entered a writ of restitution. Thirteen days later, another commissioner extended the writ "in increments of twenty days until possession in the manner provided by law." CP at 302-03. The Honses obtained this extension after Clinton and Sorrels requested additional time to vacate the premises.

On October 23, 2013, the Honses filed a motion for partial summary judgment to "confirm" their right of possession. CP at 144. On October 28, Clinton and Sorrels filed a motion to revise the first commissioner's ruling regarding the writ of restitution. Clinton and Sorrels did not assign error to any of the commissioner's findings of fact. On November 12 and 13, 2013, Clinton and Sorrels served interrogatories and requests for production on the Honses. At the same time, Clinton and Sorrels moved for a continuance of the summary judgment hearing so that they could retain counsel and obtain answers to outstanding discovery requests. On November 13, the Honses filed a motion asking the superior court to clarify their responsibilities under the writ regarding storage of substantial personal property left behind by Clinton and Sorrels, including numerous vehicles in varying states of disrepair.

On November 22, 2013, after hearing arguments from all parties, the superior court granted the Honses' motion for partial summary judgment ruling, as a matter of law, that they were entitled to possession of the real property. The superior court denied Clinton and Sorrel's

4

motion for a continuance, relying in part on the unchallenged findings of the bankruptcy court that Clinton and Sorrels had engaged in an extended "scheme . . . to hinder, delay, or defraud creditors." Verbatim Report of Proceedings (VRP) (Nov. 22, 2013) at 10. Additionally, the superior court denied Clinton and Sorrels's motion to revise the commissioner's rulings regarding the writ of restitution without making additional findings of fact or conclusions of law. Finally, the superior court entered an order which ruled that the Honses could, without further notice to Clinton and Sorrels, dispose of any and all personal property left following execution of the writ. In an ex parte hearing three days later, the superior court set a bond amount of $295,000 to stay the writ of restitution. Clinton and Sorrels appealed.

The sheriff executed the writ of restitution on November 26, 2013. Despite the court's order clarifying that the Honses could dispose of the remaining personal property, Clinton and Sorrels served on the Honses a written request to store their personal property.

Over the next several months, the Honses worked to inventory and remove the property left behind. Of the 188 vehicles on the property, 173 qualified as "'junk vehicles'" under the Pierce County Code. CP at 942 (quoting PIERCE COUNTY CODE 8.08.030(F)). On May 2, 2014, the superior court entered an order clarifying its November 22 ruling that the Honses were permitted to dispose of the remaining vehicles left on the property. Clinton and Sorrels then filed an appeal contesting this superior court order, which we consolidated with their first appeal.

ANALYSIS

I. STANDARDS OF REVIEW

Where the superior court affirms the commissioner's order without entering findings or conclusions of its own, we review the commissioner's findings and conclusions as the superior

court's findings and conclusions. *See In re Marriage of Williams*, 156 Wn. App. 22, 27-28, 232 P.3d 573 (2010). We review whether substantial evidence supports the findings of fact and if so, whether those findings support the conclusions of law. *Casterline v. Roberts*, 168 Wn. App. 376, 381, 284 P.3d 743 (2012). Evidence is sufficient when it is enough to "persuade a rational, fair-minded person that a finding is true." *Casterline*, 168 Wn. App. at 381. We consider unchallenged findings of fact to be verities on appeal. *Casterline*, 168 Wn. App. at 381 (citing *Cowiche Canyon Conservancy v. Bosley*, 118 Wn. 2d 801, 808, 828 P.2d 549 (1992)). Unchallenged conclusions of law become the law of the case. *King Aircraft Sales. Inc. v. Lane*, 68 Wn. App. 706, 716-17, 846 P.2d 550 (1993).

Decisions of a court commissioner are subject to revision by the superior court upon the records of the case and the findings of fact and conclusions of law entered by the court commissioner.[2] RCW 2.24.050. The scope of the superior court's review is limited to the evidence presented to the commissioner. RCW 2.24.050 (stating that the scope of review on motion for revision "shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner"); *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). To obtain review on appeal in this case, Sorrels must meet four procedural requirements. First, when considering an appeal from the motion to revise, the superior court and this court are limited to the evidence presented to the commissioner; any

---

[2] Because the commissioner granted the Honses a writ of restitution and a judgment after the show cause hearing, the superior court's grant of summary judgment appears to be surplusage. Because the summary judgement is surplusage, we do not use the summary judgment standard of review.

6

evidence not before the commissioner cannot be considered. *Moody*, 137 Wn.2d at 992-93.

Second, under Pierce County Local Rule (PCLR) 7(a)(12)(C), a motion for revision must state

with specificity the portion of the commissioner's order sought to be revised. Any portion not so

specified is binding as if no motion for revision had been made. PCLR 7(a)(12)(C). Third, we

treat any findings of fact to which no error has been assigned as verities on appeal.[3] RAP

10.3(g). And fourth, we decline to consider arguments made for the first time on appeal. RAP

2.5.

The "Deed of Trust Act," chapter 61.24 RCW, provides that the purchaser at a trustee's

sale is entitled to possession on the twentieth day following the sale and "shall also have a right to

the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW."

RCW 61.24.060(1). An unlawful detainer action is a statutory proceeding that provides an

expedited method of resolving the right to possession of property. *Christensen v. Ellsworth*, 162

Wn.2d 365, 370-71, 173 P.3d 228 (2007). Upon filing an action for unlawful detainer, the plaintiff

may apply for an order directing the defendant to appear and show cause why a writ of restitution

should not issue restoring possession of the property to the plaintiff. RCW 61.24.040; RCW

59.12.090.

## II. WRIT OF RESTITUTION'S ISSUANCE

Clinton and Sorrels argue that the court erred in issuing the writ of restitution because the

Honses failed to provide notice under RCW 59.12.032 and failed to comply with RCW

---

[3] Thus, a superior court adopts a commissioner's findings of fact by denying a motion to revise. *Williams*, 156 Wn. App. at 27-28. Then, those findings are verities on appeal if no error is assigned. RAP 10.3(g).

61.24.040.  The Honses argue that Clinton and Sorrels received the appropriate notices due under the statutes and that RCW 61.24.040 does not require strict compliance in order to sustain a writ of restitution.  We agree with the Honses.

A.    *Notice under Unlawful Detainer Statute*

Clinton and Sorrels first argue that the Honses were required to provide 60 days' notice to vacate under RCW 59.12.032.  Because 60 days' notice to vacate was not provided, they argue that the court erred by issuing a writ of restitution.  We disagree.

Clinton and Sorrels point to RCW 59.12.032, which requires that unlawful detainer actions initiated under chapter 59.12 RCW comply with the requirements of RCW 61.24.040 and .060.  However, those statutes do not require the Honses to give Clinton and Sorrels 60 days' notice.  Because the Honses claimed title to the property as the result of a trustee's sale, chapter 61.24 RCW applies.  RCW 61.24.060(2) requires the purchaser at a trustee's sale to provide notice to the occupants and tenants of *tenant-occupied property*.  The phrase "tenant-occupied property" is defined as "property consisting solely of residential real property that is the principal residence of a *tenant* subject to chapter 59.18 RCW."  RCW 61.24.005(15) (emphasis added).  As used in that definition, a "tenant" subject to chapter 59.18 RCW is "any person who is entitled to occupy a dwelling unit primarily for living or dwelling purposes under a *rental agreement*."  RCW 59.18.030(21) (emphasis added).  Additionally, the section of the written notice form providing 60 days' notice expressly applies to "tenant[s] or subtenant[s] in possession of the property that was purchased."  RCW 61.24.060(2).

Here, neither Clinton nor Sorrels occupied the property under a rental agreement.  Clinton was the grantor under the deed of trust, not a tenant of the property.  Sorrels testified

8

during the show cause hearing that he was not a tenant. Thus, the Honses were entitled to possession on the 20th day following the trustee sale, and did not need to give 60 days' notice.

The Honses complied with the applicable 20-day requirement before seeking possession of the property. The trustee's sale occurred on July 12, 2013. The Honses filed their complaint for unlawful detainer and for order of eviction on September 24, 2013. Clinton and Sorrels accepted service of the summons, complaint, and order to show cause on October 17, 2013. Because the Honses did not seek to obtain possession until more than 20 days after the trustee's sale, the superior court properly issued the writ of restitution. Substantial evidence supports the finding of fact that the Honses provided adequate notice to Clinton and Sorrels. *Casterline*, 168 Wn. App. at 381.

B.    *Compliance with Trustee's Sale Requirements*

Clinton and Sorrels next argue that the writ of restitution was improperly issued because of defects in the trustee's sale under RCW 61.24.040. Under RCW 59.12.032, an unlawful detainer action following a trustee's sale must comply with the requirements of RCW 61.24.060. Clinton and Sorrels point out two defects in the trustee's sale: (1) the principal debt stated on the amended notice of trustee's sale differed from the debt listed on the notice of foreclosure, and (2) a notary attested to a signature on the Amended Notice of Trustee's Sale when in fact someone else signed on behalf of the original person. These defects, Clinton and Sorrels argue, were sufficient to halt the issuance of a writ of restitution. We disagree.

1. *Principal Amount Discrepancies*

Clinton and Sorrels argue that the writ of restitution was improperly issued because there was a discrepancy in the principal amounts listed on the amended notice of trustee's sale and the

9

notice of foreclosure. We refuse to consider this issue because it relies on evidence not before the commissioner. None of the documents before the commissioner contained the notice of foreclosure or the amended notice of trustee's sale. Instead, these documents appear to have entered the record for the first time as part of the Honses' motion for summary judgment. Thus, any claim relating to these documents' compliance with RCW 61.24.060 depends on evidence outside the commissioner's record, and the superior court could not consider it. RCW 2.24.050.

2. *Improperly Attested Signature*

Clinton and Sorrels also argue that the writ of restitution was improperly issued because a notary attested to a signature when a different person signed the amended notice of trustee's sale. We disagree.

The Honses provided adequate notice of the trustee's sale despite the improperly attested signature. Clinton and Sorrels cite *Klem v. Washington Mut. Bank*, 176 Wn.2d 771, 792, 295 P.3d 1179 (2013), for the proposition that the accuracy of a signed notarization is crucial to the issue of notice. However, *Klem* dealt with predating notarizations and "robo-signing," neither of which is at issue here. 176 Wn.2d at 792.

Moreover, it is improper to challenge the notice of trustee's sale in an unlawful detainer action. Clinton and Sorrels concede that the role of the commissioner in an unlawful detainer action is "not deciding if the trustee sale is valid or not." Br. of Appellant at 17. The question of whether the court properly issued the writ of restitution turns on whether the Honses had a right of possession and whether the proper notices had been afforded, not on whether the trustee's sale was correctly executed.

10

The record here shows that the Honses complied with RCW 61.24.040 and RCW 61.24.060 as required under RCW 59.12.032. It is a verity on appeal that a trustee's sale occurred on July 12, 2013.[4] Chapter 61.24 RCW provides remedies to the grantor of a trust deed to restrain a threatened sale by the trustee. RCW 61.24.130. Clinton and Sorrels did not attempt to restrain the trustee's sale on the basis of the notary signature or the inconsistent principal balance amounts, despite having evidence of both defects prior to the sale. The Honses did not initiate this unlawful detainer action until at least 20 days after the trustee's sale, complying with the requirements under RCW 61.24.060. The notices provided to Clinton and Sorrels complied with RCW 61.24.040 as being "substantially" in the form provided. RCW 61.24.040(f). Accordingly, we uphold the issuance of the writ under the evidence before the commissioner.

### III. WRIT OF RESTITUTION'S EXTENSION

Clinton and Sorrels also argue that the superior court erred in extending the writ of restitution in increments of 20 days and without notice to Clinton and Sorrels. We decline to address this issue, because it is moot.

"'A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief.'" *Josephinium Assocs. v. Kahli*, 111 Wn. App. 617, 622, 45 P.3d 627 (2002) (quoting *Snohomish County v. State*, 69 Wn. App. 655, 660, 850 P.2d 546 (1993)). Here, we cannot provide effective relief to Clinton and Sorrels. The writ of restitution has been executed; we cannot alter the extensions that were given before it was executed.

---

[4] The superior court adopted this finding of fact and Clinton and Sorrels do not assign error to it on appeal; thus, it is a verity. RAP 10.3(g).

IV. REFUSAL TO GRANT CONTINUANCE

The Honses obtained a partial summary judgment "confirming" their right to possession of the contested property. Clinton and Sorrels argue that the superior court erred by failing to grant their CR 56(f)[5] motion to continue the summary judgment hearing for the purposes of obtaining evidence and hiring legal counsel. The Honses argue that denial of the continuance motion was proper because further discovery would not have changed the outcome of the summary judgment hearing. Because the writ of restitution established the Honses' right of possession, the order granting summary judgment did not affect any aspect of the case. Nonetheless, in the interest of completeness, we address these arguments and agree with the Honses.

Under CR 56, a party seeking to recover upon a claim may move for a summary judgment in his favor upon all or any part of the claim. CR 56(a). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When a party opposing a CR 56 motion is unable to timely present facts essential to justify his opposition, the court "*may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." CR 56(f) (emphasis added). Although a court may continue a summary judgment hearing to permit further discovery, denial is proper when "'the desired evidence will not raise a genuine

---

[5] CR 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that for reasons stated, the party cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

issue of material fact.'" *Pelton v. Tri-State Mem'l Hosp., Inc.*, 66 Wn. App. 350, 356, 831 P.2d 1147 (1992) (quoting *Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)). We review a trial court's decision on a request to continue the summary judgment for abuse of discretion. *Bldg. Indus. Ass'n of Washington v. McCarthy*, 152 Wn. App. 720, 743, 218 P.3d 196 (2009). "'A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds.'" *Leda v. Whisnand*, 150 Wn. App. 69, 79 n.2, 207 P.3d 468 (2009) (quoting *Wash. State Phys. Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993)).

Here, the Honses requested summary judgment to "confirm" their right of possession pursuant to the 2013 trustee deed. In order to obtain a CR 56(f) continuance for the purpose of obtaining additional discovery, Clinton and Sorrels were required to show the superior court how the evidence they sought would have raised a genuine issue of material fact. *Pelton*, 66 Wn. App. at 356. The information Clinton and Sorrels sought related to "the invalid notary, the discrepancies in the numbers and failure to give statutory notices." Br. of Appellant at 19. However, the court had all the essential facts regarding these issues. Clinton and Sorrels do not explain how additional discovery would have created a genuine issue of material fact. Accordingly, Clinton and Sorrels failed to carry their burden, and the superior court did not err by refusing the motion to continue on this basis.

Clinton and Sorrels asked for a continuance for the additional purpose of retaining legal counsel. Clinton and Sorrels cite *Coggle v. Snow*, 56 Wn. App. 499, 507-08, 784 P.2d 554 (1990), in support of their contention that the court abused its discretion in denying a continuance on this ground. But *Coggle* is factually distinguishable. In that case, Coggle's first

13

attorney, who was retiring, requested that a new attorney substitute as counsel. *Coggle*, 56 Wn. App. at 502. The new attorney appeared for Coggle one week after a motion for summary judgment had been filed. *Coggle*, 56 Wn. App. at 501-502. The superior court denied Coggle's motion for continuance, but the Court of Appeals reversed, holding that Coggle's new attorney needed more time to follow up on work initiated by previous counsel. *Coggle*, 56 Wn. App. at 508. Importantly, the court held that Coggle had met the other criteria for a continuance by identifying the evidence he sought and explaining that the declarations would rebut the defense expert testimony. *Coggle*, 56 Wn. App. at 508.

In contrast, at the time of their continuance motion, Clinton and Sorrels had not retained new counsel. The motion for continuance and associated declaration suggests that Clinton and Sorrels had spoken with (and been declined by) at least six attorneys. Clinton and Sorrels did not provide any evidence to suggest that the seventh attorney would agree to representation if given more time. Clinton and Sorrels did provide a letter from one attorney citing the short notice as a reason to decline representation. But the attorney also noted that any representation would be contingent on "an appropriate agreement with Mr. Sorrels and [Ms.] Clinton as to a retainer and the positions to be advanced in the litigation." CP at 485. Clinton and Sorrels did not demonstrate to the superior court that those conditions would be met if a continuance were granted. In addition, the superior court noted the bankruptcy court's finding that Clinton and Sorrels had engaged in a scheme to hinder or delay the Honses from foreclosing the property.

14

Given the lengthy struggle endured by the Honses in restoring possession of their property, the fact that Clinton and Sorrels sought legal counsel only shortly before the motion for summary judgment, the superior court's recognition that Clinton and Sorrels used legal processes for the purposes of delay, the superior court's denial of the motion to continue the motion for summary judgment on this basis rested on tenable grounds; thus the court did not abuse its discretion. The superior court did not err in denying the continuance motion.

V.  BOND TO STAY WRIT OF RESTITUTION

Clinton and Sorrels also argue that the superior court abused its discretion by setting the amount of stay bond on appeal at $295,000. We decline to address this issue, because it is moot.

A stay bond on appeal halts the writ of restitution on the condition that the defendant pay "all rents and other damages justly accruing to the plaintiff during the pendency of the proceeding." RCW 59.12.200. The purpose of the bond is to "secure the [owner] against losses during the pendency of the proceedings when the [occupant] continues to occupy the premises." *Hous. Auth. v. Pleasant*, 126 Wn. App. 382, 390, 109 P.3d 422 (2005).

This issue is moot. "'A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief.'" *Josephinium*, 111 Wn. App. at 622 (quoting *Snohomish County*, 69 Wn. App. at 660). Posting a stay bond halts execution of the writ while the parties resolve the rights of possession. The sheriff executed the writ of restitution on November 26, 2013. Because the writ of restitution was properly issued, the issue of the stay bond on appeal is moot.

15

VI.  STORAGE OF PROPERTY

Finally, Clinton and Sorrels argue that the superior court erred in not requiring the Honses to store the substantial property left behind.  The Honses argue that Clinton and Sorrels were not entitled to storage rights conferred under the Residential Landlord-Tenant Act, chapter 59.18 RCW.  We agree with the Honses.

When serving a *residential tenant* with a writ of restitution under RCW 59.12.100, the sheriff must provide written notice to the tenant that the landlord must store the tenant's property if the tenant serves a written request on the landlord to do so.  RCW 59.18.312(5).  "'Although the court [in an unlawful detainer action] does not sit as a court of general jurisdiction to decide issues unrelated to possession of the subject property, it may resolve any issues necessarily related to the parties' dispute over such possession.'"  *Excelsior Mortgage Equity Fund II, LLC v. Schroeder*, 171 Wn. App. 333, 344-45, 287 P.3d 21 (2012) (alteration in original) (quoting *Port of Longview v. Int'l Raw Materials, Ltd.*, 96 Wn. App. 431, 438, 979 P.2d 917 (1999)).

Clinton and Sorrels cite RCW 59.18.312(5) for the proposition that execution of a writ afforded them the right to require the Honses to store the substantial property left behind.  However, RCW 59.18.312(5) refers to the duties of "the landlord" and the service of a written request by "the tenant."  As discussed previously, Clinton (as grantor) and Sorrels (as occupant) do not qualify as residential tenants—neither do the Honses qualify as landlords.  The Honses brought this action under the Deed of Trust Act, chapter 61.24 RCW.  RCW 61.24.060 states that a "purchaser shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW."  RCW 61.24.060(1).  The language of this statute

16

provides a *purchaser* with a mechanism to obtain possession of the property; it does not copy the entirety of chapter 59.12 RCW into chapter 61.24 RCW.

In fact, RCW 61.24.060 does not prescribe any responsibility to a purchaser at a trustee's sale to store property under chapter 61.24 RCW. On this point, the case of *Excelsior Mortgage Equity Fund II, LLC v. Schroeder* is instructive. In *Excelsior*, the purchaser at a trustee's sale voluntarily elected to utilize portions of RCW 59.18.312, specifically notice and sale provisions, to deal with substantial personal property left behind following an unlawful detainer action under chapter 59.12 RCW. 171 Wn. App. at 336, 339, 342. The court expressly noted that chapter 59.12 RCW did not provide a procedure for the purchaser to dispose of the unlawful detainer defendant's property. *Excelsior*, 171 Wn. App. at 338. The court further held that the provisions of chapter 59.18 RCW were not applicable. *Excelsior*, 171 Wn. App. at 338. The court nonetheless held that the trial court's approval of the purchaser's voluntary use of the chapter 59.18 RCW framework "did not stray beyond the trial court's narrow jurisdiction in an unlawful detainer action." *Excelsior*, 171 Wn. App. at 344.

Like the purchaser in *Excelsior*, the Honses sought court guidance twice to clarify their obligations regarding the property. In accord with *Excelsior*, the superior court found that the Honses were not obligated to store or preserve personal property left behind following execution of the writ. The superior court was within its power to "resolve any issues necessarily related to the parties' dispute over such possession" when it approved of the Honses' plan to dispose of the property. *Excelsior*, 171 Wn. App. at 344-45 (quoting *Port of Longview*, 96 Wn. App. at 438). As such, the superior court did not err in issuing its orders clarifying the Honses' obligations on execution of writ.

17

No. 45616-8-II
Cons. with No. 46336-9-II

Because the commissioner and the superior court did not err by entering the writ or any of the challenged orders, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Melnick, J.