IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TODD K. SKOGLUND, a Washington resident,<br><br>         Appellant,<br><br>     v.<br><br>SAHALEE MAINTENANCE ASSOCIATION, a Washington non-profit corporation,<br><br>         Respondent. | No. 85776-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, C.J. — Todd Skoglund appeals the trial court's orders summarily dismissing his claims against Sahalee Maintenance Association, denying Skoglund's motion to strike certain exhibits from the Association's counsel's declaration, declining to reconsider the dismissal, and awarding attorney fees to the Association. Skoglund did not timely appeal the trial court's orders dismissing his claims, denying his motion to strike, and denying reconsideration, and he does not show that the trial court erred by awarding the Association its attorney fees. Accordingly, we affirm the attorney fee award and do not reach Skoglund's other arguments.

FACTS

Skoglund is a homeowner in the Sahalee development in Sammamish, Washington. The Association operates and maintains the residential portion of Sahalee's common property pursuant to Sahalee's covenants, conditions, and

restrictions (CCRs). The CCRs provide, "Dogs shall not be allowed to roam loose outside the limits of a residential lot or building site on which they are kept" (dog provision).

In August 2022, Skoglund filed a complaint for declaratory relief against the Association. He alleged among other things that "a few months ago, [his] 5-month-old Bernese Mountain puppy 'Leo' ran into the neighbor's yard after escaping his enclosure" and that "[t]he [Architectural Control Committee] fined [him] $250 for a puppy getting loose purely by accident." He also alleged that "there were two letters and one fine before Leo . . . got out" and that "at one point in the last year or so," another of his Bernese Mountain dogs "escaped through the front door and ran towards a neighbor walking her small dog." Skoglund alleged that the Association's board or its Architectural Control Committee (ACC) had passed a "leash rule" stating, "Dogs are to be kept on their property or on a leash." (Emphasis omitted.) And, he requested declaratory judgment "as follows:"

a. [The dog provision] of the CCRs does not require an owner to leash their dog while walking the expected properties.

b. The [leash] rule enacted by the ACC directly conflicts with [the dog provision].

c. The [Association] and ACC do not have the authority to [alter] or make [the dog provision] more restrictive than written[.]

d. The [leash] rule enacted is invalid and void as a matter of law.

e. The ACC fine system is arbitrary and capricious and needs to be published[.]

f. The [A]ssociation's accrual date to start fining owners is arbitrary and capricious . . . .

g. The [A]ssociation shall refund Mr. Skoglund $250.

h. The [leash] rule is stricken and shall be replaced by the CCRs, which directly addresses the issue.

In May 2023, the Association moved for summary judgment. It argued that Skoglund was not entitled to declaratory relief because the record established that the Association fined Skoglund for violating the CCRs' dog provision, not the allegedly unauthorized leash rule, and Skoglund's assertions otherwise were not supported by any admissible evidence. The Association also argued that because its fine procedure was described in the CCRs and its fine schedule published in the annual directory, and because it followed its established procedure, Skoglund could not show that the fine system was arbitrary and capricious. Finally, the Association requested an award of attorney fees under the CCRs. Skoglund opposed the Association's motion and moved to strike various exhibits attached to the Association's counsel's summary judgment declaration.

In June 2023, the trial court denied Skoglund's motion to strike, granted the Association's motion for summary judgment, and reserved ruling on the issue of attorney fees. It later denied Skoglund's motion for reconsideration of the order on summary judgment and awarded the Association its fees. Skoglund appeals.

DISCUSSION

*Scope of Review*

Skoglund argues that the trial court erred by summarily dismissing his claims against the Association and by denying his motion to strike and his motion

3

for reconsideration.[1] The Association asserts that because Skoglund did not timely appeal the foregoing decisions, they are not within the scope of this court's review. We agree with the Association.

A party may, as relevant here, appeal only from the superior court decisions listed in RAP 2.2(a). The list includes "the final judgment entered in any action or proceeding." RAP 2.2(a)(1). A summary judgment order that wholly resolves a lawsuit on the merits is a final judgment under this subsection. Denney v. City of Richland, 195 Wn.2d 649, 657, 462 P.3d 842 (2020). Such an order is appealable "regardless of whether [it] reserves for future determination an award of attorney fees or costs." RAP 2.2(a)(1). A timely appeal from a final judgment will bring up for review certain other trial court decisions, including interlocutory rulings that prejudicially affect the final judgment and a trial court's decision on a timely motion for reconsideration of the final judgment. RAP 2.4(b), (f). Similarly, a notice of appeal designating an order deciding a timely motion for reconsideration will bring the underlying final judgment up for review. RAP 2.4(c).

---

[1] In his notice of appeal, Skoglund also designated an order calling for a response to his motion for reconsideration and an order extending the time for Skoglund to file a response to the Association's motion for attorney fees. But in his opening brief, Skoglund does not assign error to these orders or provide any argument or legal authority related to them. Accordingly, we do not consider them. See RAP 10.3(a)(4), (6) (requiring brief of appellant to include assignments of error and argument in support of the issues presented for review, together with citations to legal authority); cf. Cowiche Canyon Conservancy v. Bosley 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (party waived assignment of error by not presenting any argument in support thereof).

To initiate review, the party seeking review must file a notice of appeal "within the time provided by [RAP] 5.2." RAP 5.1(a). Under RAP 5.2, a notice of appeal must be filed in the trial court within the longer of (1) 30 days after entry of the at-issue order and (2) 30 days after the entry of an order deciding a timely motion for reconsideration of the at-issue order. RAP 5.2(a), (e); see also Stedman v. Cooper, 172 Wn. App. 9, 14, 292 P.3d 764 (2012) ("[A] timely motion for reconsideration in the trial court will extend [the time to file a notice of appeal] until 30 days after entry of the order deciding that motion.").

Here, the trial court entered its order granting the Association's motion for summary judgment on June 23, 2023. Although that order reserved ruling on attorney fees and costs, it wholly resolved the merits of Skoglund's lawsuit by dismissing it with prejudice. Accordingly, it was an appealable final judgment. See Denney, 195 Wn.2d at 659-60 (appeal deadline triggered by summary judgment order that wholly resolved the lawsuit on the merits); see also Carrara, LLC v. Ron & E Enters., Inc., 137 Wn. App. 822, 826, 155 P.3d 161 (2007) (summary judgment order that dismissed plaintiff's claims with prejudice was a final, appealable judgment).

Skoglund timely moved for reconsideration on June 30, 2023. See CR 59(b) (motion for reconsideration must be filed within 10 days). On July 25, 2023, the trial court entered an order denying his motion. Thus, Skoglund had until August 24, 2023 to file a notice of appeal if he desired our review of the trial court's orders on the Association's motion for summary judgment and on Skoglund's motion to strike and motion for reconsideration. But Skoglund did not

file his notice of appeal until September 14, 2023, so it was clearly untimely. While Skoglund did timely appeal from the trial court's subsequent order awarding the Association its attorney fees, that appeal did not extend review to the trial court's earlier orders. See RAP 2.4(b) ("A timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable . . . unless a timely notice of appeal has been filed to seek review of the previous decision."); see also 2A ELIZABETH A. TURNER, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.4 § 9, at 206 (9th ed. 2022) ("The practical lesson is clear— counsel should appeal from the judgment on the merits, even if the issue of attorney fees is still pending.").

Skoglund provides no analysis in response to the Association's argument that the only order properly before us is the trial court's order on attorney fees. Instead, he merely asserts that "[t]he case law cited by the [Association] is not applicable to the facts at hand" and, citing Denney, that it "is inapplicable as has been ruled already." But in Denney, our Supreme Court confirmed that a summary judgment order dismissing all of a party's substantive claims with prejudice is a final judgment that triggers the time to file a notice of appeal. 195 Wn.2d at 657, 659. Although the court held under the facts of that case that the appellant's misinterpretation of the RAPs was an excusable error "[i]n light of the confusion introduced into our appellate rules by CR 54" regarding entry of judgment, id. at 659, it also "caution[ed] future, similarly situated appellants that our appellate rules establish the correct procedure on review." Id. Skoglund is

one of those future, similarly situated appellants, yet he does not articulate much less establish any reason to excuse his failure to timely appeal the trial court's orders on the Association's motion for summary judgment and on his motions to strike and for reconsideration.[2]  Accordingly, we do not reach Skoglund's challenges to those orders.  Cf. Buckner, Inc. v. Berkey Irrig. Supply, 89 Wn. App. 906, 911, 951 P.2d 338 (1998) ("A necessary prerequisite to appellate jurisdiction is the timely filing of the notice of appeal."); RAP 18.8(b) ("The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal. . . . The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section.").

*Attorney Fee Award*

Skoglund next contends that the trial court erred by awarding the Association its attorney fees.  We disagree.

"Washington follows the American rule that attorney fees are recoverable in a suit only when authorized by statute, contract, or equity."  Mehlenbacher v. DeMont, 103 Wn. App. 240, 244, 11 P.3d 871 (2000).  When reviewing an award of attorney fees, we generally ask first whether the prevailing party was entitled

---

[2] After Skoglund filed his notice of appeal, the Association moved to dismiss "portions" of Skoglund's appeal as untimely.  A commissioner denied the motion but stated in her ruling that "the parties' arguments as to the proper scope of appeal may be fully presented in briefing on the merits."  Notation Ruling, No. 85776-2-I (Oct. 16, 2023).  Nevertheless, Skoglund does not renew the arguments he presented to the commissioner about why his failure to timely appeal should be excused.

to fees, and second, whether the award of fees was reasonable.  Pub. Util. Dist. 1 of Klickitat County v. Int'l Ins. Co., 124 Wn.2d 789, 814, 881 P.2d 1020 (1994). Here, Skoglund does not challenge the reasonableness of the fee award; he argues only that the Association was not entitled to fees.  We review de novo a trial court's decision on a party's entitlement to fees.  Mehlenbacher, 103 Wn. App. at 244.

The trial court awarded fees under the CCRs, which provide that "[t]he prevailing parties in any litigation involving enforcement of these covenants shall be allowed reasonable attorney fees and court cost."  In support of reversal, Skoglund asserts that a final judgment is a necessary prerequisite to a fee award, and there was no final judgment because "[t]he merits were not reached." He similarly asserts that the Association was not the prevailing party because "[t]he Court did not resolve any issues but pushed them off for another day." These assertions are without merit.  As discussed, the trial court's order dismissing Skoglund's claims with prejudice was a final judgment, and having successfully obtained dismissal of Skoglund's claims against it, the Association was plainly the prevailing party.

Skoglund next argues that the Association "is not entitled to recover attorney fees it has not paid."  (Bold face omitted.)  But Skoglund does not point to any evidence in the record to support his assertion that the Association "is under an insurance policy, so [it] has not paid a dime for attorney fees and costs."  See RAP 10.3(a)(5) ("Reference to the record must be included for each factual statement.").  Nor does he cite any authority for the proposition that a

8

party is not entitled to an award of reasonable attorney fees merely because it has not paid them. Cf. MOSM, LLC v. Deegan, ___ Wn. App. 2d ___, 544 P.3d 591, 596 (2024) (the fact that a party's attorneys are pro bono does not alone prohibit that party from receiving attorney fees). Accordingly, we are unpersuaded.

Finally, Skoglund contends that the Association was not entitled to attorney fees because, in filing this lawsuit, Skoglund "was not seeking enforcement of the [CCRs]." In support, Skoglund relies on an opinion of this court that is not only unpublished but also unpersuasive because there, the attorney fees clause applied only to actions " 'to enforce' " the CCRs,[3] whereas here, the attorney fees clause more broadly applies to actions "involving enforcement." Skoglund also relies on Meresse v. Stelma, but that case is readily distinguishable because the underlying litigation involved an association's amendment of the CCRs, not its enforcement. 100 Wn. App. 857, 867-68, 999 P.2d 1267 (2000). Here, by contrast, even Skoglund concedes that this lawsuit is about the Association's "attempt[ ] to enforce" the CCRs against him—indeed, that is the basis for Skoglund's own request for an award of fees on appeal, which we address below. The trial court did not err by concluding that the underlying lawsuit was "litigation involving enforcement of the[ ] covenants" as contemplated by the CCRs' attorney fees provision. See WEBSTER'S THIRD NEW

---

[3] Brain v. Canterwood Homeowners Assoc., No. 56733-4-II, slip op. at 14 (Wash. Ct. App. July 18, 2023) (unpublished; cited under GR 14.1(c) as necessary to a reasoned decision), https://www.courts.wa.gov/opinions/pdf/D2%2056733-4-II%20Unpublished%20Opinion.pdf.

INTERNATIONAL DICTIONARY 1191 (1993) (definition of "involve" includes "to relate closely" and "to concern directly"); cf. Wm. Dickson Co. v. Pierce County, 128 Wn. App. 488, 494, 116 P.3d 409 (2005) (court may turn to standard dictionaries to interpret undefined contractual terms).

*Fees on Appeal*

Both parties request an award of attorney fees on appeal pursuant to the CCRs' attorney fees provision, which applies to this litigation for reasons already discussed. Because Skoglund is not the prevailing party on appeal, we deny his request. And because the Association is the prevailing party on appeal, we grant its request subject to its compliance with RAP 18.1(d).[4]

We affirm.

_____
Smith, C.J.

WE CONCUR:

_____
Hazelrigg, A.C.J.

_____
Mann, J.

---

[4] Because we grant the Association's request for attorney fees under the CCRs, we do not reach the Association's argument that attorney fees are also warranted as a sanction under RAP 18.9.