IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WILLOW CROSSING LLLP by and through THRIVE COMMUNITIES MANAGEMENT, LLC,<br><br>          Respondent,<br><br>v.<br><br>VICKI CHANG and ALL OTHER OCCUPANTS,<br><br>          Appellant. | No. 87402-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Superior Courts in Washington are required to inform tenants who appear in court without an attorney in eviction proceedings that they have a right to an attorney if they are indigent. That did not occur when Vicki Chang appeared in court without counsel requesting that the court vacate a default judgment and stay a writ of restitution. Relatedly, the court also denied her motion for sanctions against the property management company without previously informing Chang as required by statute and court rule of her right to counsel if indigent. Accordingly, we reverse the orders denying Chang's motion to vacate and motion for sanctions, and remand for further proceedings.

FACTS

In May 2024 Thrive Communities Management, LLC (Thrive) served Chang with a 30-day notice to pay rent or vacate the premises because she owed seven months' rent and utilities totaling $8,269.43. Chang did not comply with the notice. Thrive then

issued an eviction summons and complaint to Chang in June 2024 indicating that she must respond with a notice of appearance to Thrive's attorney if she wished to defend herself against the lawsuit. Chang did not respond.

Thrive obtained a default judgment. On September 6, 2024, the King County sheriff posted a writ of restitution at Chang's home. Five days later, Chang filed an emergency motion to stay the writ for one month. Chang appeared without counsel at the emergency motion hearing before a King County Superior Court commissioner. The commissioner did not inform Chang that she had a right to counsel if she was indigent. The next day, the court granted Chang's motion to stay the writ and ordered a show cause hearing.

King County Sheriff's deputies executed the writ and evicted Chang prior to Thrive receiving the court order granting the stay. About an hour and a half after receiving the order, Thrive contacted Chang and informed her she could regain access to her property. Chang filed a motion to sanction Thrive for contempt. The court, without a hearing, denied Chang's motion.

The same day Chang filed her motion to sanction, she also filed a motion to vacate the default judgment. In this motion, she stated that she spoke with the Housing Justice Project about her claim. At the motion hearing before a commissioner, Chang again appeared without counsel. The court did not inform Chang that she had a right to counsel if she was indigent. The court certified the motion to be heard before the superior court judge who entered the default judgment.

A show cause hearing was held before the superior court judge. Chang appeared without counsel. During the hearing she indicated that she "can't find a lawyer yet." The

2

court did not inform Chang that she had a right to counsel if she was indigent. The court denied Chang's motion to vacate.

After the court denied her motion to vacate, Chang filed another motion with the court's ex parte department to stay the writ of restitution. Chang again appeared without counsel at the hearing. Chang explained that she spoke with the Housing Justice Project and was told that the eviction could not go forward while her appeal was pending and that she was putting together her appeal. The court did not inform Chang that she had a right to counsel if she was indigent. The court denied the motion to stay as premature because Chang had not yet filed an appeal. On November 22, 2024, the writ was executed, and Chang was evicted.

Chang appeals.[1]

DISCUSSION

Appointment of Counsel

In addition to arguing the merits of her motions that were denied by the superior court, Chang maintains that she had a statutory right to court-appointed counsel under RCW 59.18.640.

In 2021, the Washington legislature enacted RCW 59.18.640(1), which states that, subject to the available appropriated amounts, "the court must appoint an attorney for an indigent tenant in an unlawful detainer proceeding under this chapter and chapters 59.12 and 59.20 RCW." A person is indigent for the purposes of this statute if they receive one of several types of public assistance, including food stamps, Medicaid,

---

[1] After filing an appeal to this court, Chang filed another motion with the trial court to stay the writ. The court denied the motion.

or supplemental social security income, or have an annual income that is less than 200 percent of the federal poverty level. RCW 59.18.640(2)(a)-(b). The statute took effect in the spring of 2021. Laws of 2021, ch. 115 § 8; MOSM, LLC v. Deegan, 30 Wn. App. 2d 284, 289, 544 P.3d 591 (2024). The "legislature appropriated additional funding for the program through the 2023-2025 biennium." MOSM, LLC, 30 Wn. App. 2d at 291 (citing Laws of 2023, ch. 475, § 116(3)). In October 2023 our state Supreme Court adopted a Superior Court Special Proceedings Rule, SPR 98.24W, to direct courts on how to proceed under RCW 59.18.640. The rule contains two subsections: (1) if a tenant appears in court without an attorney, the court shall inform the tenant that if they are indigent, they have a right to counsel, and the court shall continue the hearing so that counsel may be obtained, and (2) if a tenant is unrepresented and a judgment was entered (such as default) the tenant may file a motion requesting appointment of an attorney prior to execution of the writ. SPR 98.24W.

Thrive first asserts that Chang failed to preserve this issue for review under RAP 2.5 because the issue was not raised or argued in her motion to vacate default judgment. In MOSM, LLC, this court faced the same issue and determined that the tenant's direct request for counsel during the hearing was enough to preserve the issue for review. 30 Wn. App. 2d at 287-88. Notably, the eviction proceedings at issue in MOSM occurred in 2022, 30 Wn. App. 2d at 285, before SPR 98.24W went into effect on October 21, 2023. Under SPR 98.24W, the superior court "shall" "[a]dvise the tenant that if they are indigent, they have a statutory right to be represented by an attorney at public expense." SPR 98.24W(1)(a). Moreover, Chang indicated to the court she could not find a lawyer and had communicated with the Housing Justice Project. The court

rule squarely places the burden on the court to advise the tenant. To suggest the tenant is required to request an attorney before being informed the tenant has a right to an attorney at public expense contradicts the plain language of SPR 98.24W and the purpose of RCW 59.18.640(1).

Thrive also alleges that Chang provided no evidence that she is indigent.[2] But Chang was never asked to do so or instructed that she could be appointed an attorney at public expense if she was indigent.

The superior court erred by conducting the show cause hearing when Chang appeared without a lawyer and the court failed to advise her that if she was indigent she had a statutory right to be represented by an attorney at public expense. Because the right to counsel issue is dispositive, we do not reach the merits of Chang's motions to vacate the default judgment and to sanction Thrive. See State v. Osborne, 70 Wn. App. 640, 643, 855 P.2d 302 (1993).

<u>Costs on Appeal</u>

Chang requests costs on appeal. RAP 18.1(a) authorizes an award of costs on appeal if "applicable law" permits, and RCW 59.18.290(2) allows the prevailing party in a landlord-tenant suit to recover their "costs of suit." It is not yet clear which party will prevail on the merits. Leda v. Whisnand, 150 Wn. App. 69, 87, 207 P.3d 468 (2009). Thus, any determination of the prevailing party is premature at this time and should be determined on remand.

---

[2] We do not consider Thrive's speculation that Chang likely did not allege that she is indigent because she owns real property in Seattle, possessing assets/income over the threshold required to qualify for such services. Thrive concedes nothing in the record supports such a claim.

## CONCLUSION

We reverse the order denying Chang's motion to vacate and order denying Chang's motion for sanctions, and remand for further proceedings consistent with this opinion.

_____ Coburn, J.

WE CONCUR:

_____, ACJ  _____