# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RAJIV SANGHA, | ) | |
| | ) | No. 103332-0 |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| JEREMY KEEN, RACHEAL LOMAS, and | ) | Filed: May 22, 2025 |
| ALL OTHER OCCUPANT(S), | ) | |
| | ) | |
| Appellants. | ) | |
| | ) | |

MADSEN, J.—At issue in this case is whether RCW 59.18.365 permits a default judgment against a tenant who appears but does not answer an unlawful detainer action. Subsection (3) of the statute informs tenants that they may respond to a summons with a notice of appearance. The trial court below entered a default judgment and writ of restitution against Jeremy Keen and Racheal Lomas (collectively tenant) despite their written notice of appearance. The tenant argues this was error pursuant to RCW 59.18.365(3). We agree and reverse the trial court.

## BACKGROUND

In 2021, the tenant began renting a house from Rajiv Sangha (landlord). In November 2023, the tenant stopped paying rent. Six months later, in April 2024, the

landlord served a 14-day notice to pay rent or vacate on the tenant.  The tenant took no action on the notice.  In early May, the landlord commenced an unlawful detainer action by serving the tenant with a summons and complaint pursuant to RCW 59.18.365(3).  Among other things, the summons required the tenant to submit a "written response" by 5:00 p.m. on May 22, 2024, or lose the right to defend against the action or be represented by a lawyer.  Clerk's Papers (CP) at 11 (boldface omitted).  The summons also stated that the tenant "may respond with a 'notice of appearance'" and alerted the tenant that the case had not yet been filed with the court.  CP at 12.  The tenant timely faxed a written pro se notice of appearance to the landlord, stating they intended to be "at any court case or appearance."  CP at 14-16, 18.

The summons, complaint, and tenant's notice of appearance were filed with the King County Superior Court.  In early June, the landlord moved for an order of default and judgment based on the tenant's failure to file an answer by the date listed in the summons.  The tenant received the motion for default and notice of hearing.  The tenant then called the King County Superior Court Clerk's Office and alleges they were told they did not need to attend this "closed door hearing."  CP at 47.

In July, the trial court found the tenant in default for lack of answer and issued the default judgment and writ of restitution.  The writ of restitution was posted at the property about a week later.  The tenant retained counsel and moved to vacate the default judgment and quash the writ.  The tenant's attorney argued primarily that default for an appearing tenant violated the statutory right to counsel and contradicts the statutory

2

summons language that requires a show cause hearing. RCW 59.18.640; SPR 98.24W; RCW 59.18.365. The landlord responded that the Civil Rules require a defendant to serve an answer within the prescribed period and the failure to serve an answer entitles the landlord to a default judgment. *See* CR 55. The landlord further argued that a motion to show cause is not required under the procedures set forth in chapter 59.18 RCW, and the right to counsel for indigent tenants applies only to unlawful detainer proceedings rather than general proceedings under the Civil Rules. The landlord argued that the tenant here was notified of the motion for default, and the summons informed the tenant of their right to counsel, if indigent; thus no statute or court rule was violated.

The trial court agreed with the landlord, finding that the landlord has a right to proceed by motion for default under the Civil Rules despite a tenant's notice of appearance as long as the notice is not also an answer. The court also found that a show cause hearing is not mandatory, and that the "landlord here complied with the obligation to notify the tenant of the right to counsel and . . . the statutory notice required to explain how to file an appearance." Verbatim Rep. of Proc. (July 30, 2024) at 20. The judge was troubled by the statutory language in the summons form that stated tenants may file an appearance, which constitutes compliance, but did not clarify that a subsequent motion for default could occur if no show cause was set. The judge also found the notice and opportunity to be heard were sufficient because the tenant was notified of the default proceeding. Finally, the court found no violation of the right to counsel: information was provided at the start of the case to the tenant about the right and the court followed the

3

procedures set out in the statutory right to counsel by issuing a stay of the writ. RCW 59.18.640. Accordingly, the judge rescinded the stay and denied the motion to vacate default judgment.

The tenant was evicted. They sought direct review of the denial of the motion to vacate judgment and moved to accelerate review. The landlord opposed both. We retained the case and granted the motion for accelerated review.

We received amicus curiae briefs in support of the tenant from the Office of Civil Legal Aid (OCLA), Tenant Law Center, and Northwest Justice Center.

ANALYSIS

A superior court's interpretation of a statute and court rule involves a question of law, which we review de novo. *Faciszewski v. Brown*, 187 Wn.2d 308, 313-14, 386 P.3d 711 (2016) (citing *King County v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd.*, 142 Wn.2d 543, 555, 14 P.3d 133 (2000)); *Seto v. Am. Elevator, Inc.*, 159 Wn.2d 767, 772, 154 P.3d 189 (2007). When determining the meaning of a court rule, we apply the same principles we use to determine the meaning of a statute. *Gourley v. Gourley*, 158 Wn.2d 460, 466, 145 P.3d 1185 (2006) (plurality opinion). "Our fundamental purpose in construing statutes is to ascertain and carry out the intent of the legislature." *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011). We determine legislative intent primarily from the statutory language. *Id.* When the meaning of a statute or rule is plain on its face, we must give effect to that meaning. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Plain meaning is derived

from "all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Id*. at 11.

Because this case concerns residential evictions, the right to counsel for indigent tenants, and the court rule implementing that right, it is useful to first review the statutory eviction process.

Unlawful Detainer

Unlawful detainer actions are governed by chapters 59.12 and 59.18 RCW. Procedures set out in the generalized unlawful detainer statutes, chapter 59.12 RCW, apply to the extent they are not supplanted by those in the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW. *Hous. Auth. v. Pleasant*, 126 Wn. App. 382, 390, 109 P.3d 422 (2005). Both chapters are in derogation of the common law and are strictly construed in the tenant's favor. *Hous. Auth. v. Terry*, 114 Wn.2d 558, 563, 789 P.2d 745 (1990).

To evict a holdover tenant, a landlord must serve an eviction notice. If the tenant has not complied with the notice, the landlord may commence an unlawful detainer action by serving to the tenant the statutory summons and complaint. *Christensen v. Ellsworth*, 162 Wn.2d 365, 371, 173 P.3d 228 (2007). The summons must contain certain information set out in RCW 59.18.365.

The tenant's answer or notice of appearance must be in writing by the return date listed in the summons. RCW 59.18.365. "An *appearance* is a party's formal entry into a lawsuit. . . . By appearing, a defendant becomes entitled to notice of all subsequent

5

proceedings." 14 DOUGLAS J. ENDE, WASHINGTON PRACTICE: CIVIL PROCEDURE § 9:1, at 314 (3d ed. 2018). A defendant may appear simply by serving a written notice of appearance, without immediately serving an answer. *Id*. § 9:2, at 315; *see* RCW 4.28.210. To evict the tenant, a landlord may apply for a writ of restitution at the same time as commencing the action or at any time thereafter. RCW 59.18.370.

To obtain a writ of restitution, the "landlord must apply for an order for a show cause hearing." *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 157, 437 P.3d 677 (2019); RCW 59.18.380. A show cause hearing is a "'summary proceeding[] to determine the issue of possession pending a lawsuit,' and is not the final determination of rights in an unlawful detainer action." *Reynolds*, 193 Wn.2d at 157 (alteration in original) (quoting *Carlstrom v. Hanline*, 98 Wn. App. 780, 788, 990 P.2d 986 (2000)). At a show cause, the court will determine if the landlord is entitled to a writ of restitution before trial on the complaint and answer. RCW 59.18.380. If, at the hearing on the motion for a writ "it shall appear to the court that there is no substantial issue of material fact of the right of the plaintiff to be granted other relief as prayed for in the complaint . . . , the court may enter an order and judgment." *Id.* As a practical matter, if the issue is payment of rent only, as here, and the tenant fails to show cause why the landlord is not entitled to the writ, the court may issue the writ and enter judgment for the unpaid rent.

Indigent Tenant Right to Counsel

In 2021, the legislature enacted the indigent tenant right to counsel statute. LAWS OF 2021, ch. 115, § 8 (codified in RCW 59.18.640). The right to counsel provision was

passed, among other changes, to the RLTA in response to the COVID-19 pandemic. *See id.* § 1. The legislature found that the pandemic caused "unprecedented" layoffs and economic hardship to Washingtonians, resulting in lost wages and the inability to pay for basic expenses, such as rent. *Id.* Lawmakers recognized the continued financial precariousness of many renters in Washington and the increased likelihood of evictions that jeopardize renters' health and safety. *Id.* Thus, lawmakers intended the 2021 amendments to increase tenant protections and provide legal representation for qualifying tenants during evictions, among other things. *Id.*

The right to counsel provision states that subject to the available appropriated amounts, "the court must appoint an attorney for an indigent tenant in an unlawful detainer proceeding under this chapter and chapters 59.12 and 59.20 RCW." RCW 59.18.640(1). OCLA is responsible for implementing the law. *Id.* The statute defines "indigent" as any person who, at any stage of a court proceeding, is receiving certain types of public assistance or receiving an annual income after tax of 200 percent or less the current federal poverty level. RCW 59.18.640(2). The statute took effect in the spring of 2021. LAWS OF 2021, ch. 115, § 8.

To implement RCW 59.18.640, this court adopted SPR 98.24W, effective October 31, 2023. SPR 98.24W applies to individuals qualifying for an attorney at public expense under .640. The rule contains two subsections: (1) if a tenant appears in court without an attorney, the court shall inform the tenant that if they are indigent, they have a right to counsel, and the court shall continue the hearing so that counsel may be obtained, and (2)

if a tenant is unrepresented and a judgment was entered (such as default), the tenant may file a motion requesting appointment of attorney prior to execution of the writ. SPR 98.24W.[1]

1. RCW 59.18.365 precludes a default judgment against a tenant who appears but does not submit a written answer in an unlawful detainer action

The tenant contends that the trial court erred when it entered a default judgment for failure to answer the complaint. Specifically, the tenant reasons that RCW 59.18.365's summons form directs defendants to respond with a notice of appearance and, by responding, the tenant will receive a show cause hearing. The landlord disagrees, relying primarily on the Civil Rules, which require an answer and allow a default judgment regardless of a party's notice of appearance.

RCW 59.18.365 governs the procedure for an unlawful detainer summons and contains three subsections. Subsection (1) requires that a summons contain information about the parties, nature of the action, relief sought, and return date. Subsection (2) instructs the defendant how to serve a response to the summons. "A defendant may serve

---

[1] King County Superior Court adopted a standing order on the indigent tenant right to counsel. The order states that once OCLA's right to counsel plan has been implemented, "[a]t the first hearing, the court will advise the tenant of their right to appointed counsel if indigent and inquire whether they wish to assert that right." Ct.'s Standing Ord. for Eviction Resol. Pilot Program (ERPP), *In re Resp. by King County Super. Ct. to Pub. Health Emergency in Wash. State*, No. 21-0-12050-3, at 4 (King County Super. Ct. July 16, 2021), https://courts.wa.gov/content/publicUpload/COVID19_King/King%20County%20Superior%20 Court%20FILED-Court's%20Standing%20Order%20for%20Eviction%20Resolution%20Pilot%20Program%20(E RPP).pdf. "If so, the court shall refer the tenant to the county-specific entity designated by [OCLA] for eligibility screening and/or appointment of counsel." *Id.* If the tenant is referred, the court may continue the hearing or grant other appropriate relief to allow the litigant to receive assistance from counsel. *Id.* at 5.

a copy of an answer or notice of appearance" to the person who signed the summons at the street address listed on the summons by delivery, mail, or fax. RCW 59.18.365(2)(a)-(c).

Subsection (3) outlines the summons form to be used in unlawful detainer actions. The summons form "shall be substantially in the [statutory] form." RCW 59.18.365. In addition to a caption for the action, the form states that "THIS IS AN IMPORTANT LEGAL DOCUMENT TO EVICT YOU. YOUR **WRITTEN** RESPONSE MUST BE RECEIVED BY 5:00 p.m., on . . . ." *Id.*

The statute goes on to direct tenants to

> **GET HELP: If you do not respond by the deadline above, you will lose your right to defend yourself or be represented by a lawyer if you cannot afford one in court and could be evicted**.

*Id.*

Next, the statutory form explains how to respond to the summons,

> **HOW TO RESPOND: Phone calls to your Landlord or your Landlord's lawyer are not a response.** *You may respond with a "notice of appearance."* This is a letter that includes the following:
>
> (1) A statement that you are appearing in the court case
> (2) Names of the landlord(s) and the tenant(s) (as listed above)
> (3) Your name, your address where the legal documents may be sent, your signature, phone number (if any), and case number (if the case is filed).

*Id.* (emphasis added). Plaintiffs are directed to mail, fax, or hand deliver the "response letter to your Landlord's lawyer." *Id.*

Finally, the form ends with a section regarding a court date. "**COURT DATE:** If you respond to this Summons, you *will be notified* of your hearing date in a document

called an '*Order to Show Cause*.'" *Id.* (emphasis added). It warns the tenant, "If you get notice of a hearing, **you must go to the hearing**. If you do not show up, your landlord can evict you." *Id.*

RCW 59.18.365(3) tells tenants how to respond to an eviction summons. The response cannot be a phone call; it must be a written response received by a prescribed date and time. *Id.* Importantly, in the section titled "HOW TO RESPOND," a tenant "may respond with a 'notice of appearance.'" *Id.* (boldface omitted). That notice is a letter that may be mailed, faxed, or delivered to the landlord or their attorney. *Id.* RCW 59.18.365(3) equates a response with a notice of appearance. Further, subsection (3) explains that if the tenant responds, they "*will be notified*" of a hearing in "an '*Order to Show Cause*.'" *Id.* (emphasis added).

The statutory evolution of RCW 59.18.365(3) supports the tenant's reading of the statute. The most significant amendment to subsection (3) occurred in 2019, when lawmakers rewrote the summons form as part of sweeping changes to the RLTA to address homelessness. LAWS OF 2019, ch. 356, §§ 1, 9. The 2019 amendment adding bolded section headings provided more information on accessing free or low-cost legal help, clarified how a tenant may respond, and modified the language on eviction court dates. *Id.* The version of the statute in force, enacted in 2008, stated that a tenant could "respond to the complaint in writing by delivering a copy of a notice of appearance or answer." LAWS OF 2008, ch. 75, § 1. And, the 2008 statute provided that a plaintiff "*may also be instructed in a separate order to appear for a court hearing.*" *Id.* (emphasis

10

added).  "If [the plaintiff] receive[d] an order to show cause [they] must personally appear at the hearing."  *Id.*

Lawmakers changed this language in 2019.  The 2019 amendment clarified what constitutes a response, stating that the tenant may "respond with a 'notice of appearance.'"  LAWS OF 2019, ch. 356, § 9.  The equivocal statement that a tenant *may* receive a hearing became mandatory.  Provided a tenant responds to the summons, they "will be notified" of a hearing in a show cause order.  *Id.*[2]  RCW 59.18.365, as amended in 2019, was in force during the unlawful detainer action here.

The indigent tenant right to counsel and corresponding court rules provide further support.  RCW 59.18.640(1) requires the appointment of counsel for indigent tenants.  SPR 98.24W(1) requires appointment of counsel for a "tenant [who] *appears* without an attorney."  (Emphasis added.)  The rule anticipates a hearing at which the unrepresented tenant appears in person because it requires the court to (a) advise the tenant of their right to counsel, (b) refer the tenant for eligibility screening, and (c) continue the hearing for appointment of counsel.  SPR 98.24W(2) also provides a path to obtain counsel for unrepresented tenants if the court issues a writ of restitution before judgment or by default.  The construction of this rule reflects RCW 59.18.365(3).  Where tenants appear in court without an attorney, the court "shall" inform the tenant of their right to counsel if indigent.  SPR 98.24W(1); RCW 59.18.365(3).

---

[2] RCW 59.18.365(1) was also amended in 2020 to identify the Northwest Justice Project as a legal resource for low income plaintiffs.  LAWS OF 2020, ch. 315, § 4.

Read together, the statutory summons provision, indigent tenant right to counsel, and court rule explain that a response is required and a tenant may comply by submitting a written notice of appearance. If, however, a tenant fails to respond, or fails to appear at a show cause hearing or other unlawful detainer proceeding, and a judgment is taken against them, such tenants may request appointment of an attorney prior to execution of the writ. SPR 98.24W(2); RCW 59.18.365(3). This latter circumstance recognizes that default judgments are available in unlawful detainer actions, but only if the unrepresented tenant fails to respond by the date noted in the summons or fails to appear at a show cause or other unlawful detainer proceeding. In other words, if a tenant timely responds to a summons, a default order may not be entered unless the tenant fails to appear at a subsequent hearing.

The tenant also relies on RCW 59.18.380. RCW 59.18.380 provides that at the "hearing of plaintiff's motion for a writ of restitution, the defendant . . . may answer, orally or in writing." The court must "examine the parties and witnesses orally to ascertain the merits of the complaint *and answer*." RCW 59.18.380 (emphasis added). The tenant reasons that because .380 permits an oral or written answer at a show cause hearing, the legislature did not intend to allow a default for failure to answer when landlords did not seek a show cause hearing. RCW 59.18.365(3) aligns with .380. Both provisions anticipate that a tenant who responds to a summons with a notice of appearance will receive a show cause hearing where the tenant may then answer orally or in writing. Also, if the tenant appears without counsel at the show cause hearing, the

court must inform a tenant (if indigent) that they have a right to counsel and refer them for eligibility screening.  RCW 59.18.640; SPR 98.24W(1).

Here, the tenant submitted a written notice of appearance by the date listed in the summons.  Pursuant to RCW 59.18.365(3), the tenant timely responded and a default order should not have been entered.  Had the tenant appeared unrepresented at a hearing in the unlawful detainer action, the court was required to advise the tenant of their right to counsel if indigent, refer the tenant for eligibility screening, and continue the hearing.  SPR 98.24W(1); Ct.'s Standing Ord. for Eviction Resol. Pilot Program (ERPP), *In re Resp. by King County Super. Ct. to Pub. Health Emergency in Wash. State*, No. 21-0-12050-3, at 4 (King County Super. Ct. July 16, 2021) (Ord. 21-0-12050-3), https://courts.wa.gov/content/publicUpload/COVID19_King/King%20County%20Superior%20Court%20FILED-Court's%20Standing%20Order%20for%20Eviction%20Resolution%20Pilot%20Program%20(ERPP).pdf.  If the tenant did not respond to the summons or responded to the summons but failed to appear at the hearing, the landlord could properly move for default under CR 55.  *See* SPR 98.24W(2).

The landlord's arguments to the contrary are unavailing.

First, the landlord argues that the Civil Rules allow default judgments for failure to answer a complaint as this court recognized in *Reynolds*, 193 Wn.2d at 157.  The Civil Rules govern civil proceedings except where inconsistent with statutes applicable to special proceedings.  CR 81(a).  Unlawful detainer actions are "special proceedings,"

making the Civil Rules inapplicable if inconsistent with the unlawful detainer statutes. *Christensen*, 162 Wn.2d at 374-75. Thus, the Civil Rules apply to unlawful detainer actions, but when they conflict with the unlawful detainer statute, the statute as a "special proceeding" controls. *Id*. In this case, contrary to the landlord's claim, CR 55 conflicts with RCW 59.18.365(3). *See* Br. of Resp't at 18 ("there is no conflict between" the court rules and unlawful detainer statutes). Though the rule allows a motion for default based on the failure to answer, the statute informs tenants that they must respond to a summons and equates a response *only* to a notice of appearance—not an appearance and an answer.[3]

*Reynolds* did state that CR 55 permits default judgment for failure to answer an eviction complaint. 193 Wn.2d at 157. *Reynolds* is distinguishable, however. The tenant in that case did not appear in the unlawful detainer action. And, while *Reynolds* cited RCW 59.18.365 in support of the default statement, at issue was the 2008 version of the statute. *Reynolds* was decided prior to the 2019 amendments in which lawmakers

---

[3] RCW 59.12.120 provides that "[i]f on the date appointed in the summons the defendant does not appear *or* answer, the court shall render judgment in favor of the plaintiff as prayed for in the complaint." (Emphasis added.) Neither party cites .120. Chapter 59.12 RCW governs forcible entry and forcible and unlawful detainer. Chapter 59.18 RCW governs the RLTA. Both chapters concern unlawful detainer actions but chapter 59.12 RCW is broader than chapter 59.18 RCW. For example, chapter 59.12 RCW includes unlawful detainer actions commenced as a result of a trustee's sale and hold over tenants on agricultural land. RCW 59.12.032, .035. Chapter 59.18 RCW deals specifically with residential tenancies. Therefore, the specific statutory requirements established in chapter 59.18 RCW apply in this case. *See Pleasant*, 126 Wn. App. at 390.

clarified that a written notice of appearance constitutes a response to an eviction summons. *See* LAWS OF 2019, ch. 356, § 9.

The landlord further contends that RCW 59.18.365(3) cannot require a show cause hearing because such hearings are not mandatory. RCW 59.18.370 states that when an unlawful detainer action is filed, a landlord "*may* apply to the superior court . . . for an order directing the defendant to appear and show cause" why a writ of restitution should not be issued. (Emphasis added.) The tenant explains that they are "not arguing that a show cause hearing is mandatory in all cases and does not dispute that landlords may obtain default judgments under CR 55 when a tenant has failed to appear." Appellant's Reply Br. at 16; *see* SPR 98.24W(2) (indigent tenants who receive default judgments may move for appointment of an attorney). RCW 59.18.365 contemplates .370's permissive structure.

Next, the landlord points out that subsection (1) of RCW 59.18.365 directs defendants to "appear and answer" the complaint within the time designated. Subsection (1) states that a summons must "notify the defendant to appear and answer." But, the tenant notes, the subsection does not "impose any specific obligation on a tenant as to when to answer or what form an answer must take." Appellant's Reply Br. at 14 n.2.[4] Nothing in subsection (3) alerts a defendant that they must provide notice of appearance

---

[4] Indeed, the next sentence in RCW 59.18.365(1) states that the summons must also contain an address for service of the "notice of appearance *or* answer." (Emphasis added.) Subsection (2) provides that a defendant may serve a copy of "an answer *or* notice of appearance." RCW 59.18.365 (emphasis added). RCW 59.18.365(1) is not consistent with its requirements for defendants, directing them to appear *and* answer as well as appear *or* answer.

*and* an answer. Subsection (3) instructs the opposite. It states expressly that the defendant "may respond with a 'notice of appearance,'" and the rest of the subsection concerns where to respond and the consequences of a response. The landlord here used the statutory summons form verbatim. *Compare* RCW 59.18.365(3), *with* CP at 11-13 (summons). "'A specific statute will supersede a general one when both apply.'" *Kustura v. Dep't of Lab. & Indus.*, 169 Wn.2d 81, 88, 233 P.3d 853 (2010) (quoting *Waste Mgmt. of Seattle, Inc. v. Util. & Transp. Comm'n*, 123 Wn.2d 621, 630, 869 P.2d 1034 (1994)). We construe unlawful detainer statutes strictly in favor of the tenant. *Terry*, 114 Wn.2d at 563. Accordingly, as discussed above, we hold that the more specific directions in subsection (3) instruct defendants only to respond by written appearance.

The landlord also asserts that RCW 59.18.640 and SPR 98.24W do not "attach to general civil proceedings, such as CR 55 default judgment hearings." Br. of Resp't at 3-4, 46-47. In the landlord's view, neither authority references court rules or general proceedings, and both depend on the prerequisites of available funding and a factual basis of indigency. Yet our court rule plainly applies to tenants facing default. SPR 98.24W(2) ("If the tenant is unrepresented and the court issues a writ of restitution before judgment or *by default*. . . ." (emphasis added)). We have recognized that when the Civil Rules conflict with unlawful detainer statutes, the statutes control as special proceedings. *Christensen*, 162 Wn.2d at 374. This distinction requires a conflict. Absent a conflict, the Civil Rules are the rules of practice for unlawful detainer actions. *Hall v.*

*Feigenbaum*, 178 Wn. App. 811, 818, 319 P.3d 61 (2014) (citing RCW 59.12.180).

Thus, no reference to the rules or general proceedings is required.

More fundamentally, landlords seeking a default judgment and writ of restitution

do so in the context of an unlawful detainer action. The grounds for default stem from a

failure to respond to the eviction summons and complaint. *E.g.*, RCW 59.18.365(3); 4A

ELIZABETH A. TURNER, WASHINGTON PRACTICE: RULES PRACTICE SPR 98.24W at 46

(8th ed. Supp. 2024) ("A tenant does not have the right to appointed counsel until a

lawsuit is formally commenced, either by service of a summons and complaint or by the

filing of the lawsuit with the court."). The landlord asks us to carve out default judgment

motions and hearings from the unlawful detainer statutes without identifying a conflict or

any other justification. We decline to do so.

Finally, it appears indigent tenant representation was funded, staffed, and

operational during the eviction in this case. RCW 59.18.640(1) ("[s]ubject to the

availability of amounts appropriated for this specific purpose"); OFF. OF CIV. LEGAL AID,

REPORT TO THE LEGISLATURE 3 (July 28, 2022) (reporting that by January 2022, OCLA

had attorneys "trained and available for appointment in all 37 judicial districts" in

Washington), https://www.ocla.wa.gov/wp-content/uploads/2022/07/OCLA-Report-to-

the-Legislature-Implementation-of-Indigent-Tenant-Right-to-Counsel-FINAL-7-28-22-

.pdf [https://perma.cc/M9G6-U8YM]. The statute, court rule, and King County's

standing order require the court to inform an unrepresented tenant of their right to counsel

at the first unlawful detainer hearing, inquire whether they want to assert the right, and

refer the tenant for *eligibility* screening. No discretion is provided. The court does not need to ascertain a factual basis for indigency; the predicate is a tenant who appears without representation and the court's duty to inquire whether the tenant wishes to be screened. SPR 98.24W(1)(a); Ord. 21-0-12050-3, *supra*, at 4; *see also MOSM, LLC v. Deegan*, 30 Wn. App. 2d 284, 291-92, 544 P.3d 591 (2024).

2. Relief

The tenant urges us to conclude that the trial court abused its discretion when it declined to vacate the default judgment under CR 60(b)(1). The tenant claims irregularity in the trial court's procedure, justifying relief from judgment by showing the court committed legal error when it did not appoint counsel and set a show cause hearing. But that argument goes to the underlying judgment. Appellant's Reply Br. at 17 (trial court's decision rests on "errors of law"). The tenant appealed the order denying the motion to vacate judgment, not the judgment itself. Generally, when a judgment is not appealed within 30 days, that appeal is precluded. *Kemmer v. Keiski*, 116 Wn. App. 924, 937, 68 P.3d 1138 (2003). CR 60(b) does not allow a litigant to challenge the underlying judgment and "'correct any errors of law into which [the court] may have fallen.'" *In re Est. of Jones*, 116 Wash. 424, 428, 199 P. 734 (1921) (quoting 1 HENRY CAMPBELL BLACK, A TREATISE ON THE LAW OF JUDGMENTS § 329 (2d ed. 1902)). "An appeal from denial of a CR 60(b) motion is limited to the propriety of the *denial* not the impropriety of the underlying judgment." *Bjurstom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). An "unappealed final judgment cannot be restored to an appellate track by

18

means of moving to vacate and appealing the denial of the motion." *State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002). "The exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60(b) motion." *Bjurstom*, 27 Wn. App. at 451 (citing *De Filippis v. United States*, 567 F.2d 341, 342 (7th Cir. 1977), *overruled in part by United States v. City of Chicago*, 663 F.2d 1354 (1981)).

Generally, arguments addressing the propriety of the judgment would not be considered because they are not appropriate for appeal. *See id.* In that case, and absent another reason that the denial of a CR 60 motion was in error, an appellate court would affirm the default judgment. *See id.* Exceptions to this rule exist for issues affecting constitutional rights, a trial court's jurisdiction, and we may exercise our discretion to resolve any issue as justice may require. RAP 12.2 ("The appellate court may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require."); *State v. Santos*, 104 Wn.2d 142, 145-46, 702 P.2d 1179 (1985). Though the landlord did not raise this issue, we exercise our RAP 12.2 discretion and reach the tenant's arguments on the underlying judgment in order to provide guidance to trial courts considering the indigent tenant's right to counsel and procedures implementing that right. For the reasons discussed above, we conclude that default was improperly entered. Accordingly, the default ruling is reversed and we remand the case for further proceedings consistent with this opinion.

3. The landlord is not entitled to appellate attorney fees

The landlord seeks attorney fees on appeal pursuant to RAP 18.1(1), RCW 59.18.410(1), and .290(3). *See Tedford v. Guy*, 13 Wn. App. 2d 1, 17, 462 P.3d 869 (2020).

RAP 18.1(a) allows a party to recover reasonable attorney fees and expenses provided the party "request[s] the fees or expenses" and "applicable law grants to a party the right to recover." The party must do so in a separate section of their opening brief. RAP 18.1(b). Courts award attorney fees to the prevailing party "'only on the basis of a private agreement, a statute, or a recognized ground of equity.'" *Tedford*, 13 Wn. App. 2d at 17 (quoting *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988)). RCW 59.18.410(1) provides for reasonable attorney fees as provided in RCW 59.18.290(3), which states, "Where the court has entered a judgment in favor of the landlord restoring possession of the property to the landlord, the court may award reasonable attorneys' fees to the landlord."

For the reasons discussed above, the trial court erred in entering the default judgment order. *See* RCW 59.18.410(1), .290(3). The landlord has not shown that applicable law permits recovery of fees and expenses under RAP 18.1(a). Accordingly, we deny the landlord's request for attorney fees on appeal.[5]

---

[5] The tenant argues that regardless of the outcome on appeal, the landlord is not entitled to attorney fees because the unlawful detainer action was served by alternative service. Appellant's Reply Br. at 21 (quoting RCW 59.18.055(2) ("'[N]o money judgment may be entered against the tenant or tenants until such time as jurisdiction over the tenant or tenants is obtained.'")); *Negash v. Sawyer*, 131 Wn. App. 822, 827, 129 P.3d 824 (2006) (holding RCW 59.18.055(2) precluded

CONCLUSION

RCW 59.18.365(3) directs tenants to respond in writing to the eviction summons with a "notice of appearance." A tenant who responds "will be notified of [their] hearing date in a document called an 'Order to Show Cause.'" RCW 59.18.365(3). The tenant in this case filed a written notice of response by the deadline listed on the summons. The tenant complied with the eviction summons. The trial court therefore erred in entering a default judgment based on the tenant's failure to answer.

Accordingly, we reverse the trial court's entry of default and remand the case for further proceedings consistent with this opinion.

---

entering money judgment against a tenant who had not been personally served). Because we deny the landlord's attorney fee request under RAP 18.1(a) and RCW 59.18.410(1), and we have only the tenant's briefing on issue, we decline to address it.

_____
Madsen, J.

WE CONCUR:

_____
Stephens, C.J.

_____
Yu, J.

_____
Johnson, J.

_____
Montoya-Lewis, J.

_____
González, J.

_____
Whitener, J.

_____
Gordon McCloud, J.

_____
Mungia, J.